R. G. BURSON *et al. v.* MAHONEY & SHIPEY.

1. PROSECUTION BOND. *Omission in. Effect of.* Where a prosecution bond failed to provide that the surety on the bond should be liable for all costs adjudged against his principal, if not paid by the principal as required by the Code, (T. & S.) sec. 3196a, b, c. *Held,* that the omission to do so did not invalidate the bond for that purpose.

　Case cited: Ogg *v.* Laurent, 1 Heis., 42.

2. SAME. *Surety on. When suable.* The surety on such bond can only be sued in the court where the action is pending.

3. SAME. *Judgment on. When defective.* The judgment on a prosecution bond is defective when it omits to provide that the execution should be first made out of the principal, and if such could not be done, then out of the surety.

4. WITNESS. *May sue whom for attendance, and where.* A witness may, at the end of the term, sue the party who summoned him before any tribunal having jurisdiction of the amount, not on the bond, but for his attendance.

5. EVIDENCE. *Witness ticket.* On the trial of the case a witness ticket is *prima facie* evidence as to the time of his attendance.

Case cited; Witherspoon *v.* Kellough, M. & Y., 38; 2 Col., 467.

FROM WASHINGTON.

Appeal from a judgment of the Circuit Court at Jonesboro, rendered April 21, 1873. Hon. E. E. GILLENWATERS presiding.

No counsel marked.

FREEMAN, J., delivered the opinion of the court.

This case of Mahoney & Shipley *v.* R. G. & Z. L. Burson, together with a number of others consolidated with it, was commenced before a justice of the peace, and by appeal taken to Circuit Court of Washington county. The action is on witness tickets issued by the clerk of the Circuit Court in the case of R. G. Burson *v.* E. L. Cox *et als.*, in which case Z. L. Burson was surety on the bond for prosecution of the suit.

The bond is in penalty of $350, conditioned to be void if R. G. Burson doth with effect prosecute the action this day commenced against defendants in the Circuit Court of Washington county, otherwise to ·pay and satisfy all costs that may be awarded for failure.

The first question is, can this suit be maintained against the surety on the bond?

20—VOL. 6.

Burson *v.* Mahoney & Shipley.

While we think the provisions of the Code, taken from act of 1859–60, Code, sec. 3196*a*, *b*, *c*, made the surety liable on the bond for all costs that may be adjudged against his principal, in the event it is not paid by the principal, and the neglect to insert the proper condition does not impair the validity of the bond for this purpose, for such is the language of the statute, and we have so held substantially in *Ogg* v. *Lemont*, 1 Heis., 42. Yet we think it equally clear that such surety is only liable to have a judgment rendered against him by the court in which the case is pending, the language of the statute being that he shall undertake to pay all costs that may at any time be adjudged against his principal, in the event it is not paid by the principal. A provision is also made for issuance of execution jointly against them, which shall first be collected out of the principal, if it can so be made, and if not, then out of the securities, and the judgment should be so rendered. The execution following the judgment then would serve to guide the officer in the performance of his duty. We therefore hold the judgment erroneous as to the surety on the bond.

We think, as to the party summoning a witness, the rule so long established by decision should be adhered to, and that the witness may at the end of each term, sue such party, not on the bond, but because of the service or attendance. See *Witherspoon* v. *Kellough*, M. & Y., 38; 2 Col., 467. And further, that the clerk's certificate, or witness ticket, will be *prima facie* evidence of the time of such attendance, subject to be

rebutted by proper proof. We therefore affirm the judgment against the principal, but reverse as to the surety and remand for new trial.

A question is presented on which we deem it our duty to express an opinion.

It appears that the court limited counsel to five minutes on each side in the argument of the case. While this court would be slow to control the discretion of the inferior courts in matters of practice, and in adopting regulations to facilitate the despatch of business, yet this discretion must in this, as in all other maters, be a sound legal discretion; and such rules as may be adopted by inferior courts must not in anywise interfere with, or abridge the rights of parties litigant or counsel, whose right and duty it is to argue the causes confided to their care. Every party is entitled to be heard in his cause by himself or counsel. The right to a substantial hearing thus guaranteed is essential to the fair administration of the law and the attainment of justice. To deprive parties of this right, or what is equivalent to it, to give such a short time in which to perform this duty of counsel as to make it but a mockery and sham, is tyranny and oppression, and ought not to be tolerated in a free country. The development of a high order of talent and learning in the profession is not only desirable, but an aim, well worthy of the attention of our courts, and nothing tends more to this result than that counsel should feel that they may put forth their best efforts in argument of causes, untrammelled by arbitrary limitations upon the free exercise of their

powers.    It is better that a little delay should occur in the decision of causes rather than parties be deprived of a full hearing by counsel.    The dignity of a court, and the respect with which it will be looked to, will always be enhanced by a gravity, the opposite of indecent haste, in the performance of its duties, commensurate with the high position assigned to tribunals representing the majesty of the law of the land. To make haste slowly, is a sound maxim for the guidance of such tribunals.    We do not feel called on to reverse for the wrong conduct of the court in this case, but would feel called on to do so in a case involving larger interests—where parties have been practically deprived of a hearing as in this case.    We assume that no such case will occur in the future.