Deaton *v.* Mulvaney.

## DEATON *v.* MULVANEY.

COSTS. *Surety of successful party not liable for costs of his principal.* A surety of the successful party is not liable for the costs of his principal under sec. 3204 of the Code, and the act of 1859–60, T. & S., 3196*a–b*, does not apply to or extend the surety's liability in such a case.

### FROM KNOX.

Appeal in error from the Circuit Court of Knox county. E. T. HALL, J.

HOUK & GIBSON for Deaton.

CALDWELL & SON for Mulvaney.

MCFARLAND, J., delivered the opinion of the court.

Smith sued Rose before a justice of the peace and obtained judgment. Rose appealed and gave Rule as surety upon the appeal bond in the Circuit Court. A rule was made upon Rose for other security, and in compliance with this rule, Deaton became additional security of record for the costs, as well those that had already accrued and those that might afterwards accrue. Upon the trial Rose was successful, and judgment was rendered against Smith for the costs. Execution was issued against him and returned *nulla bona.* Afterward A. P. Mulvaney, who had attended as a witness in the cause for Rose, appeared and moved the court for judgment against Rose and his surety for the amount of costs due him. Judgment was rendered accordingly against Rose, and Rule, his surety on the

Deaton *v.* Mulvaney.

bond; at the next term this judgment was amended so as to include in the judgment Deaton, the security of record. The correctness of the judgment as to Deaton is the question before us.

By sec. 3204 of the Code, "all costs accrued at the instance of the successful party, which cannot be collected out of the other party, may be recovered on motion by the persons entitled to them against the successful party," or in other words, the successful party is liable upon motion for his own costs if he cannot collect them from the opposite party. He was, of course, liable for his own costs upon suit at any time; this section simply gave the remedy by motion. The security of the party, however, in case he had given security, was not made liable to this motion; and it was expressly decided in the case of *Carren* v. *Breed,* 2 Col., 465, that a surety is not liable. In that case, however, the act of 1859-60, ch. 120, is not referred to, and was, we presume, overlooked It is upon this act the argument as to the surety's liability is principally made. It is as follows: "In all cases of bonds for the prosecution of original suits, or by appeal, *certiorari,* or writs of error, or where there is security taken of record in any courts of the State or before justices of the peace, the security shall undertake to pay all costs that may be at any time adjudged against his principal, in the event it is not paid by said principal." Code, sec. 3196*a.* "In all cases where costs in any case in any court, or before a justice of the peace, is adjudged against either party, judgment shall be entered against the party and his se-

Deaton *v.* Mulvaney.

curity," for which execution will issue, to be made out of the principal first. Code, sec. 3196*b*. The next section provides that the omission of the proper conditions in the bond shall not affect the validity of the same. The terms of this act are broad, but, to understand its meaning, we must refer to the previous. decisions; that is to say, it had been held that a surety was not liable for costs adjudged against his principal in the progress of the cause, as costs upon setting aside a non-suit, and costs imposed as terms of a continuance, and where the costs were adjudged upon removal to a higher court. To cases of this character the act applies, and whenever, in the progress of the particular cause, costs are adjudged against the principal, the judgment shall be also against the surety. But this was not intended to amend sec. 3204, which contemplates a new proceeding, and make the surety liable in such a case. A party is not required to give security for his own costs. The security is intended to indemnify the opposing party against his costs and expenses; and so it was held in *Lock* v. *McFalls*, 3 Sneed, 674, that the security has no right to satisfy the judgment against himself, which in that case was limited to the penalty of his bond, and less than the whole costs, by paying the amount in costs of his principal, leaving the costs of the opposing party unpaid. There is no statute requiring a party to give security for his own costs, nor is there any statute authorizing judgment against the surety.

The judgment will be reversed and Deaton discharged.