RUSSELL WHEELER AND FRANK E. WHEELER v. LOUISA MEYER AND JOHN F. GUILLOZ.

[See 95 Mich. 36.]

*Costs—Judgment against sureties.*

Where a judgment in favor of a non-resident plaintiff, who has given security for costs, is reversed, and the case remanded for a new trial, costs cannot be awarded under How. Stat. § 7663, against the surety;[1] citing *Ortmann v. Bank,* 42 Mich. 464.

Motion by defendants to amend judgment so as to make it include and run against the sureties for costs. Argued June 20, 1893. Denied June 28, 1893.

*Albert J. Chapman,* for motion.

*Corliss, Andrus & Leete, contra.*

PER CURIAM. On March 28, 1893, the defendants' costs were taxed at $236 by the clerk of this Court, upon a judgment of this Court theretofore rendered against the plaintiffs, reversing the judgment of the circuit court for the county of Wayne, and ordering a new trial.[2] Plaintiffs, being non-residents, were required to give security for costs, which, on May 15, 1893, they did, in compliance with an order of the Wayne circuit court. An execution issued for the collection of said judgment, and was returned unsatisfied on the 6th day of June, 1893, and the next

---

[1] How. Stat. § 7663, provides that whenever any person shall become security for costs for another in any court in this State, in case the defendant shall recover a final judgment or decree for costs against the plaintiff or complainant, judgment or decree shall be immediately and in such suit entered as well against such surety as against such plaintiff or complainant, and execution may issue against such surety, in the same manner as if he had been himself a party to such suit.

[2] See *Wheeler v. Meyer,* 95 Mich. 36.

day defendants' counsel filed a certified copy of the under-taking, and moved this Court for an amendment of the judgment, so that it should include and run against the sureties for costs.

The case is governed by *Ortmann v. Bank,* 42 Mich. 464.

The motion will be denied, with costs.