## MILES EDWARD GILLEN *vs.* THE MAYOR AND COUNCIL OF WILMINGTON.

### New Castle County, February Term, 1895.

**Practice. Security for Costs.**—The statute providing for security for costs by a non-resident contemplates residence with reference to service of legal process, and is practically independent of the intention with which he takes his abode.

**Same.**—A party who has not "a usual place of abode in this State" at which the copy of process may be left, is a non-resident.

**Same.**—The time of the application for security for costs, and not the date of bringing suit is the time to which non-residence is to be tested.

This was an application for a rule upon a non-resident plaintiff to enter security for costs or suffer non-suit.

The facts which were found by the Court, as established by the proof, were substantially as follows :

On December 3d, 1895, the defendant filed an affidavit avering that the plaintiff was a non-resident, that the defendant has a legal and just defence to the whole of the plaintiff's demand, the nature and character of which is, that the injuries complained of were caused by the plaintiff's own negligence.

On this affidavit a rule for security for costs by Monday, December 9th, 1895, was granted or that non-suit be entered, the Court considering that the averments of the affidavit, were *prima facie* sufficient to authorize the granting of the rule ; subject to the right of the plaintiff, to ask for the discharge of the rule, on proof that any of the material allegations of the affidavit were not true, but the Court would not interrupt a jury trial, then on, to hear proof at that time.

On the 4th day of December, 1895, the plaintiff was sworn and testified substantially as follows :

That being unable to procure work in Wilmington, work there being slack, in June, 1895, he went to Philadelphia and secured a

job of work there.  His wife also was employed there, and they together boarded in Philadelphia.  Before going to Philadelphia he had stored his goods in a building in the City of Wilmington, where they are still stored.  He intended to return to Wilmington as soon as he could get work there.  That he considered Wilmington his place of residence.

On this proof, *C. L. Ward*, for the plaintiff, asked for the discharge of the rule, for the reason :

First.  That the plaintiff in fact is not a non-resident; he went away only to get work in Philadelphia, with the intention of returning to Wilmington as soon as he could get work here.  He had his goods stored here and had not voted any where in ten years.

Second.  That he was not such at the time the suit was brought, even if he is now.

*L. C. Vandegrift*, for the defendant, contended that residence means an abode; *In re Thompson*, 11 Wend. 44; *Hanson vs. Graham*, 82 Cal. 631 ; *Burcalow vs. Trump*, 1 Houst. 363 ; *Buckmaster vs. Buckmaster et ux.*, 2 Harring. 158 ;  *Quinby vs. Duncan*, 4 Harring. 383.

*E. G. Bradford*, on the same side.  The object is to secure costs and the opportunity to serve process, not process in the original action, but process to secure costs. .

A man may be an inhabitant of one State and a citizen of another.  Here the plaintiff was a resident of Philadelphia, not of Wilmington ; *State vs. Frist*, 4 Harring. 559.

LORE, C. J., delivered the opinion of the Court.

The language of the statute is, " In all actions at law wherein the plaintiff is a non-resident, in *qui tam* actions, in actions upon administration or official bonds, and also in all actions where the plaintiff after suit brought has been discharged under any bankrupt or insolvent law, the defendant, upon motion and affi-

davit filed, that he has a legal and just defence to the whole of the plaintiff's demand therein, and stating the nature and character of such defence, the sufficiency whereof shall be determined by the Court, may have a rule for security for costs by a certain day, or that non-suit be entered." (Rev. Code 791.)

The purpose of the statute is to secure costs, and seems to contemplate the time for the application for such security, and not the time of the commencement of the suit. For it expressly provides for such security "in actions where the plaintiff after suit brought has been discharged under any bankrupt or insolvent law."

To hold that the date of the commencement of the action, is the time as to which non-residence is to be tested would be to limit and narrow the general language of the statute, which reads, " In in all actions at law wherein the plaintiff is a non-resident," etc., and to make it read, in all actions at law where the plaintiff is a non-resident, etc. *at the inception of the action.* This would practically be making law and not interpreting it.

In *Townsend vs. Houston,* 2 Houst. 157, an order to give security for costs was made, where the plaintiff left the State after after suit brought, under an equitable construction of rule 38, which only required the plaintiff to give security when he was a non-resident at the time his suit was instituted.

Manifestly therefore the time for the application for security is the time as to which non-residence is to be tested.

The second question remains, as to whether or not the plaintiff is in fact a non-resident.

The statute evidently contemplates residence with reference to service of legal process, and to the continuance of the person of the plaintiff within the territorial jurisdiction of the Court.

It is not a question of domicil, or of residence with respect to the exercise of the elective franchise. There the intention of the party controls and determines whether he has lost his residence or not. On the other hand, residence with reference to service of legal process, is where he has his abode or dwelling place in fact, and is practically independent of the intention with which he took

such abode.  Our statute relating to service of process, furnishes a rule for interpretation, where it provides, that a summons may be served on the defendant, " by leaving a copy at his usual place of abode, in the presence of some white adult person, six days before the return thereof."

The rule would therefore seem to be, that when the party has not " a usual place of abode in this State," at which the copy of process may be left, he is a non-resident.

Applying this rule to the case in hand, manifestly the plaintiff by his own testimony does not come within its terms.  He has no dwelling place or abode in this State; but only has his goods stored here, while he lives and has his abode in the City of Philadelphia.

We think the rule should not be discharged, and so order.