LEON ROSENFELD *vs.* WALTER B. SWARTS *et ux.*

PROVIDENCE—DECEMBER 21, 1900.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Surety for Costs. Construction of Statutes.*

Gen. Laws R. I. cap. 247, § 4, so far as it relates to the neglect of a resident suitor to comply with an order requiring surety for costs, is not mandatory so as to prevent the court, after the time limited for furnishing surety has expired, from extending the time and the acceptance of surety within such extension.

Citing *Spalding* v. *Bainbridge*, 12 R. I. 244.

BILL IN EQUITY seeking the specific performance of a contract. The defendants moved for surety for costs on or before September 29, 1900. On that date the court ordered that, such surety should be furnished on or before October 6, 1900. Such order not having been complied with, October 12, 1900, defendants moved that the suit be dismissed. October 20,

1900, the court heard the case on the question of furnishing surety and accepted surety offered by the plaintiff, whereupon the defendant excepted and filed his petition for a new trial    Heard on petition, and petition dismissed.

(1)    PER CURIAM.    It has long been settled in this State that the statutory provisions relating to surety for costs from resident suitors are not mandatory.    In *Spalding* v. *Bainbridge,* 12 R. I. 244, construing Gen. Stat. cap. 195, § 26, the language was that upon cause shown the court *shall* require surety.    The court held that, although the statute was peremptory in form, the matter was still left to the discretion of the court.    Gen. Laws R. I. cap. 247, §§ 2, 3, 4, are substantially the same, except that section 4 uses the words ·"shall be dismissed" in place of the former words "may be dismissed."    These words, however, are no more mandatory than those construed in *Spalding* v. *Bainbridge.*    They clearly mean that, upon a refusal to comply with the order of the court, the action or suit shall be dismissed.    But the court may extend the time for giving surety, and the acceptance of the surety in this case, after the time first named had expired, amounted to nothing more than an extension of time.    The court is, therefore, of opinion that the order was properly made, and the respondents' motion for an order of dismissal is denied.

   *James A. Williams,* for complainant.

   *Ezra K. Parker,* for respondents.