## McCARLEY v. TURNER.

1. Under order requiring security for costs to be filed by a day stated, and in default thereof that plaintiff be non-suited, she filed such security within the time limited, which was approved by the clerk of court and filed, but the signature of the surety was not witnessed by the clerk. At the call of the cause for trial, more than two years after the expiration of the time limited, defendants claimed that there had not been a compliance with the order. *Held*, that the security filed was not in conformity to law, and was, therefore, insufficient, and that the order for non-suit had become operative.
2. Defendants did not waive their right to insist upon the judgment of non-suit by joining in acts intended to prepare the cause for trial, after the order of non-suit had become operative, but in ignorance thereof, because of erroneous information imparted by the clerk of court.

MR. JUSTICE McGOWAN, *dissenting.*

Before HUDSON, J., Spartanburg, March, 1889.

The opinion states the case.

*Messrs. Carlisle & Hydrick* and *Duncan & Sanders,* for appellants.

*Messrs. H. E. Ravenel* and *Nicholls & Moore,* contra.

June 21, 1890.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   At the June term of the Court of Common Pleas for Spartanburg County, 1886, the plaintiff, respondent, was required, by order of his honor, Judge Hudson, presiding, to put in security for costs in the above stated case by

the 15th of October then next succeeding. The order directed
that plaintiff should file with the clerk security for costs, "accord-
ing to law," on or by the fifteenth of October, 1886, or be non-
suited. On October 2, 1886, the plaintiff filed with the clerk an
undertaking in the form prescribed by the rule of court, except
that the signature of the surety was not witnessed by the clerk of
the court, as required by the law, but was witnessed by Mr. Rav-
enel, one of the attorneys of the plaintiff. The undertaking was
endorsed: "Approved and filed October 2, 1886. F. M. Trim-
mier, clerk."

After this, several steps were taken, looking to the hearing of
the case at the next term of the court, to wit, a commission ,for
the examination of certain witnesses was taken out, and crossed
by defendants' counsel, a surveyor was appointed without objec-
tion from defendant, and another one substituted in the place of
the first by the consent of defendants' attorneys. It appears,
however, that these steps were taken and consented to by defen-
dants' attorneys under the impression from what the. clerk of the
court had said to defendants' attorneys, that the security had pro-
perly been put in, except the substitution of the surveyor, at
which time defendants' attorneys had discovered the defect in the
undertaking, and consented to the substitution with the distinct
understanding that it should not compromise any rights of the
defendants.

Under these circumstances and facts, on motion of defendants
to enter judgment of non-suit against the plaintiff, on the ground
that the security for costs had not been filed in accordance with
the law and the order requiring it, in that the signature of the
surety had not been witnessed by the clerk, his honor, Judge
Hudson, refused said motion upon two grounds: 1st. Because, in
his opinion, the security was not fatally defective in that the sig-
natures were not witnessed by the clerk. Second. Because the
defendants were estopped from making the motion, for the reason
that they had participated in the preparations made by the plain-
tiff for the trial of the cause, and had delayed in making the mo-
tion until the March term of the court, 1889. The appeal of ·
defendants questions the correctness of his honor's rulings and
holdings above.

The putting in security for costs when demanded is a condition, upon the compliance with which a non-resident plaintiff may keep his action in court for future trial. It is a privilege which is allowed him by act of the legislature, which act prescribes the mode and form by which it may be done. This being so, it follows, necessarily, that in order for a plaintiff to obtain the benefits of this act, he must comply with it, and in strict accordance with its requirements. It is wholly unnecessary to discuss the wisdom or the propriety of the requirements, however technical or useless they may seem. All that it is necessary to know in such matters is, whether it can be said *ita lex scripta est*, and if it can be so said, the matter is fatally defective, unless the law thus written has been complied with. Now, it is admitted that the act in question in terms requires the security to be witnessed by the clerk. It is also admitted that the undertaking here was not so witnessed. It follows inevitably, then, that it was fatally defective, and that his honor erred in not so holding.

We think his honor was also in error in holding that the defendant was estopped from making the motion because of having participated in the preparation of the case for trial, and that he had waived his right of non-suit. Before one can be said to have waived a right, or to be estopped from asserting one by conduct, he must have knowledge of the existence of said right at the time of the conduct relied on to that end. Now, the defendants' right of non-suit depended upon failure of the plaintiff to put in security of costs in his case by October 18, 1886. Now, it appears from the affidavit of Mr. Carlisle, one of the attorneys of the defendants, that nothing was done by said attorneys, or by the defendants themselves, to forward the hearing of the cause after the defect in the undertaking was disclosed. It is true that, before this, said attorneys having been informed by the clerk that the security had been filed, &c., they did join in some action preparatory to the hearing, but this being done upon the information mentioned, certainly could not operate as an estoppel or waiver.

We think it was error for his honor to refuse the motion of defendant, and it is the judgment of this court, that the judgment below be reversed, and that the case be remanded to the Circuit

Court in order that defendant may obtain leave to enter up judgment of non-suit, &c.

MR. JUSTICE McIVER concurred.

MR. JUSTICE McGOWAN. I cannot concur in this judgment. There was certainly no intentional disregard of the order, but, on the contrary, as it seems to me, a substantial compliance with the law, which requires that "the clerk should witness the signature of the surety, and, in the first instance, judge of the sufficiency of the security." The clerk did not actually sign as a subscribing witness, but he did "judge of the sufficiency of the security," when he approved and marked it "filed on October 2, 1886." There is no complaint of the sufficiency of the security, and substance should not be sacrificed to mere form. Besides, I agree with the Circuit Judge, that the acts participated in by the defendants during the progress of the case after October 15, 1886 (the day limited for giving the security), amounted to a waiver of the objection, especially as the matter is purely technical. See *Fonville* v. *Richey*, 2 Rich., 10.