### GARRETT v. NIEL.

1. COSTS—SECURITY FOR COSTS—CLERK OF COURT.—The manner in which the clerk of court indorsed on security for costs his attestation of the signature of the surety, *held* to be a substantial compliance with the law as it existed at that time.

2. NONSUIT—SECURITY FOR COSTS.—Where a defendant secures an order in the usual form, requiring the plaintiff to give security for costs at a certain time, and the defendant answers after notice that the order has been complied with, he then waives his right to except to the security and to demand a nonsuit for non-compliance with the order.

Before KLUGH, J., Sumter, March, 1897. Affirmed.

Action by John A. Garrett against Angelina Niel. From order refusing nonsuit on ground that plaintiff had not complied with the law in giving security for costs, the defendant appeals.

*Messrs. R. O. Purdy* and *Marion Moise*, for appellant, cite: Rev. Stat., 794; 2 Hill, 232; 9 Rich. L., 411; 30 S. C., 451; 31 S. C., 427; 33 S. C., 161.

*Messrs. A. B. Stuckey* and *Thos. S. Moorman*, contra, cite: Rev. Stat., 794; Rule X., Cir. Ct.; 31 S. C., 360; 2 Rich., 10.

July 13, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. The action herein was commenced in January, 1893, for the partition of a tract of land in possession of the defendant, which the plaintiffs alleged they and the defendant owned as tenants in common. The defendant appeared in the action, and it was agreed that she should file her answer whenever she saw fit to do so. A short time before the March, 1897, term of the Court, the defendant, upon being notified that the plaintiffs expected to go to trial at that term of the Court, filed her answer, denying all the allegations of the complaint, setting up title

in herself against the plaintiffs, pleading the statute of limitation and other defenses. The case by consent of parties had been continued from term to term. On the 25th of March, 1893, the presiding Judge granted an order requiring the plaintiffs to file security for costs by the 1st of June, 1893, or be nonsuited. The following undertaking was filed: "I acknowledge myself liable for the costs of this case, and consent, if the plaintiffs fail to recover, the defendant may have execution for her costs against me. Given under my hand, this 26th day of May, A. D. 1893. (Signed) A. C. Durant. I, James D. Graham, clerk of the court of common pleas for Sumter County, State of South Carolina, witnessed the signature of the above named A. C. Durant hereon. I have in the first instance judged of the sufficiency of the foregoing security for costs and approve the same. Given under my hand and seal of the said Court, this 26th day of May, A. D. 1893. (Seal) J. D. Graham, C. C. P."

The foregoing was all written on one page of legal cap paper, the words of the clerk following immediately after the signature of A. C. Durant. This paper was duly filed on May 26, 1893. Upon the call of the case, and without giving notice, the defendant made the following motion in writing: "The defendant excepts to the security for costs, as filed May 26, 1893, on the ground that the paper purporting to be the security for costs is not witnessed by the clerk of the court, as required by law. And the defendant now moves for an order that the plaintiffs be declared nonsuited. This motion is based upon the requirements of an order heretofore granted by this Court, requiring that the plaintiffs file security for costs by the 1st day of June, 1893, or be nonsuited."

His Honor, Judge Klugh, held that the security for costs complied with the law, and refused the motion. The defendant appealed from said order on the following grounds: "Because his Honor, the presiding Judge, erred in holding that the security for costs as filed complied with the law, and erred in refusing to grant the defendant's motion for an

36—49

order of nonsuit, and in dismissing the motion, in that the
paper purporting to be security for costs was not witnessed
by the clerk of the court of common pleas for said county,
and, it is respectfully submitted, being not so witnessed,
does not comply with the law, and his Honor erred in not
so holding."

Sec. 794, Rev. Stat. (1893), is as follows: "Whenever se-
curity for costs may be ordered to be given, or may be ten-
dered, by any plaintiff, in vacation or in term time, the
clerk shall witness the signature of the surety, and shall, in
the first instance, judge of the sufficiency of the se-
curity; the form of the undertaking to be according
to law, or the rule of court on that subject, if there
be no law." The rule of the Circuit Court of force at the
time the undertaking was filed was as follows: "If plaintiff
resides beyond the State, security for costs may be required.
Whenever the plaintiff shall be required to give security
for costs, the security shall be taken in the form following,
and no other security for costs shall be taken as a compli-
ance with the order; but nothing in this rule shall be con-
strued to prevent the plaintiff from depositing a sufficient
sum of money with the clerk to pay the costs: The State
of South Carolina,          County.  A. B.          *v.* C. D.
.    Complaint for          .  I (or we, as the case
may be,) acknowledge myself (or ourselves) liable for the
costs of this case, and consent that, if the plaintiff fail to
recover, the defendant may have execution for his costs
against me (or us, as the case may be).    Given under
hands, this    day of      , 18   .  (E. F.      F. G.        )."

This rule was amended in December, 1893, by adding
the following to said required form: "Witness, G. H., C. C.
P. and G. S.    Approved, G. H., C. C. P. and G. S."

It thus appears that at the time security for costs was
filed, the form prescribed by the rule of Court then of force
did not provide in what manner it should be made to ap-
pear that the clerk had witnessed the signature of the surety,
and in the first instance judged of the sufficiency of the

security. The object of the statute was to require the clerk to comply with said provisions of the law, but no form for such compliance was provided, either by the statute or the rule of Court then of force. The certificate of the clerk made at the time the undertaking was executed, on the same page of the paper, and his words and his signature attested by the seal of the Court, immediately following the signature of the surety, to the effect that he had both witnessed the signature of the surety, and in the first instance had judged of the sufficiency of the security for costs and approved the same, was a compliance with the requirements of the law.

Furthermore, under the authority of *Fonville* v. *Richey*, 2 Rich., 10, the defendant waived her right to the order of nonsuit, by serving her answer after the undertaking was filed, she having had notice of such filing.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.