### TAYLOR v. DEMPSEY.

1. RULES CIRCUIT COURT—COSTS.—Where an order is made requiring a plaintiff to give security for costs according to law, and the rule relative thereto is amended before the act is done, the amended rule governs and the security must conform to it.

2. IBID.—IBID.—Where the rule prescribing the form for security for costs, provides that the amount for which sureties are bound shall be inserted in the bond, a bond fixing no amount on its face, but having affidavit of sureties that each is worth a sum certain on above bond, is not a substantial compliance with the rule. MR. JUSTICE GARY *dissents.*

Before DANTZLER, J., Lexington, October, 1902. Affirmed.

Motion to set aside order of nonsuit in action by Catherine

33—66

J. Taylor against Lydia A. Dempsey. The following is the affidavit of F. E. Dreher used before Judge Dantzler:

"Personally comes F. E. Dreher, who on oath says: That he is a member of the law firm of Efird & Dreher, plaintiff's attorneys in the above stated case. That on the 13th day of February, 1902, he went with plaintiff's sureties into the clerk of court's office and announced to the clerk that plaintiff was ready to give security for costs in compliance with the terms of the order passed in said case on September 23, 1901, and asked the clerk to prepare the necessary bond and have same executed, as is the customary practice at this bar. That deponent and the clerk discussed the fact that there had been some amendment to Rule X., but in what respect neither of us was advised, and we could not find the amendment. That time was pressing, and plaintiff's sureties resided at considerable distance from the Court House; whereupon the clerk prepared the security now on file in said case, had the same executed and approved it as a sufficient compliance with the terms of the rule and the order made herein."

From Circuit order refusing the motion, plaintiff appeals.

*Messrs. J. Brooks Wingard* and *Efird & Dreher,* for appellant. The former cites: *As to changes in rule requiring security for costs, and instances of its application:* 27 S. E. R., 513; 2 McC., 443; 2 Hill, 558; 9 Rich., 411; 35 S. C., 450; 31 S. C., 427; 33 S. C., 161.

*Messrs. J. S. Muller* and *Andrew Crawford,* contra, cite: *Amended rule was of force when act was done:* Suth. on Stat. Con., sec. 133; Black on Inter. of Laws, 357; 67 N. Y., 109; 23 Ency., 284; 36 Ill., 161. *Paper filed is not substantial compliance with the rule:* 33 S. C.., 161; 30 S. C., 450; 31 S. C., 427; 2 Rich., 10. *Rules of court have force of law:* 174 U. S., 609; 39 S. C., 555; 41 S. C., 555; 44 S. C., 373; 9 S. C., 283.

July 2, 1903.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   The questions presented by this appeal are two: first, whether under Rule X. of the Circuit Courts of this State, a security for costs must be governed by the said rule as it existed at the date of the order therefor, or by such rule as it existed at the date the said security for costs was given; and second, whether the security for costs as actually given was a compliance with said rule.   These questions grew out of the following circumstances: The plaintiff brought her action in the year 1899 to recover from the defendant a one-third part of 350 acres of land, lying in Lexington County, in this State, and when the action came on for trial, the verdict was for the defendant.   In July, 1901, within the two years allowed by the statute, the plaintiff brought her second action to recover this one-third interest in the same 350 acres of land. In September of 1901, after due notice, the defendant moved before his Honor, Judge Watts, to require the plaintiff, who resided beyond the limits of this State, to give security for the costs of the action.

Judge Watts granted the following order: "On hearing the motion for security for costs herein, and the affidavit of the defendant, Lydia A. Dempsey, and it appearing that the plaintiff resides beyond the State: Now, on motion of J. S. Muller and Andrew Crawford, defendant's attorneys, it is ordered, That the plaintiff do, on or before the first day of the next ensuing term of this Court, give and furnish security for costs as provided for by law; and on failure to do so, that the said plaintiff be nonsuited."

And on the 13th day of February, 1902, the plaintiff offered the following security for costs:

"*Security for Costs.*—We acknowledge ourselves liable for the costs of this case, and consent that if the plaintiff fails to recover, the defendant may have execution for his costs against us.   Given under our hands, this 13th day of February, A. D. 1902.   E. L. Taylor, S. P. Shumpert, S. J. Miller.   Witness: Saml. B. George, C. C. C. P. & G. S.

"Each of us swear that we are freeholders within the county of Lexington, and that each is worth the sum of $100 on the above bond, over and above his debts and liabilities and property exempt by law from execution. S. P. Shumpert, S. J. Miller. Sworn to before me, 13th February, 1902. Saml. B. George, C. C. C. P. & G. S. Approved: Saml. B. George, C. C. C. P."

The security for costs thus given the clerk of Court of Common Pleas for Lexington County being deemed invalid, on motion of defendant's attorneys, the said clerk of Court entered up judgment for nonsuit, under Judge Watts' order, dated 23d September, 1901. Thereupon, after due notice, the plaintiff moved before his Honor, Judge Dantzler, to vacate said judgment upon the grounds:

"1. That the security for costs, as filed on February 13, 1902, is in exact compliance with the terms of the order of Judge R. C. Watts, made September 23, 1901.

"2. That if not sustained on this ground, then on the further ground that the security for costs, filed on 13th February, 1902, is a substantial compliance with Rule X., as amended in December, 1901."

But on the 17th October, 1902, after full argument thereon, Judge Dantzler refused this motion of plaintiff, who now appeals therefrom and asks this Court to reverse Judge Dantzler's order on these two grounds: "1. Because his Honor, Judge Dantzler, erred in not holding that the security for costs was in compliance with the order of Judge Watts requiring security for costs. 2. Because his Honor, Judge Dantzler, erred in not holding that the security for costs was a substantial compliance with Rule X. of the Circuit Court's Rules."

We will now examine these grounds of appeal.

1. At the date of Judge Watts' order, requiring plaintiff to "give and furnish security for costs as provided by law," "on or before the first day of the next ensuing term of this (Lexington) Court," Rule X. of Circuit Courts of this State did not require the amount of

such costs to be set out in the security for costs; but on the 18th day of December, 1901, at a convention of all the Judges of this State, Rule X. was so altered as .to require the clerk of the Court of Common Pleas to enter in the form for such "security of costs" an amount to be fixed by said clerk, after a careful examination of the whole case. The new Rule X. was in these words: "Resolved, That Rule X. of the Circuit Court be stricken out and the following be inserted in lieu thereof: 'Rule X. If the plaintiff resides beyond the State, security of costs may be required. Whenever security for costs shall be required, the following form and no other shall be regarded as a compliance with the order: State of South Carolina,        County. A. B. vs: C. D.    Complaint for        I (or we, as the case may be,) acknowledge myself (or ourselves) liable for the costs of this case in the sum of        dollars, and consent that if the plaintiff fails to recover, the defendant may have execution for his costs against me (or us, as the case may be,) for not exceeding said        Given under        hand this        day of        A. D. 1901. E. F., Witness. Approved: C. H., C. C. P. and G. S.    The amount to be inserted therein shall be fixed by the clerk, after careful examination of the whole case: *Provided, however,* That if the same be in the opinion of any party to the cause insufficient, application may be made, on notice as in the case of any other interlocutory application, for an order fixing the amount for which security or any additional security shall be given. This rule shall not be construed as to prevent the plaintiff, or others for him, when security for costs is required, from the deposit of a sum of money.as authorized by the act entitled "An act to authorize the deposit of money in proceedings in the Courts of this State as security in lieu of bonds and undertakings," approved 17th February, A. D. 1897, the sum to be deposited to be fixed by the clerk, as heretofore provided." ' The date of the adoption of this rule was 18th December, 1901. The date on which security for costs was given was 13th February, 1902. The date of

Judge Watts' order for security for costs was 23d September, 1901. So that the former Rule X. was in force when the order was passed. Appellant insists that the old or former Rule X. should apply, because it alone was in the contemplation of Judge Watts when he signed his order. If. this were true, there could be no security for costs given in this case; for by the terms of Judge Watts' order, the plaintiff was given until the 25th day of February, 1902 (that being the first day of the term of Court after the order was signed), in which to give her security for costs, and the Rule X. which existed in September, 1901, was stricken out of the Rules of Court on the 18th December, 1901, and a new Rule X. substituted. This cannot be the law; for it is a well recognized principle of the law applying to the changes in Rules of Court and statutes, that when an act is required to be done, it is governed by the law in force at the time of the performance of the act; as is said in Sutherland on Statutory Construction, section 133: "It is a general rule, however, that an amended statute is construed as regards any action had after the amendment was made, as if the statute had been originally enacted in the amended form." To the same effect is the language used by Black on Interpretation of Laws, p. 357. So, too, in the 23 volume of A. & E. Ency. of Law, 284 (1st ed.), it is said: "As to future acts, the law as amended governs." Our own case of *Garrett* v. *Niel,* 49 S. C., 562 and 563, 27 S. E., 512, in effect so treats an amendment to Rule X. of the Circuit Court.

2. It must be evident from the language employed in Rule X., on the 18th December, 1901, that the purpose there announced was that security for costs given after the date just named was that the form in which such security for costs should be given should set out the *exact amount in dollars* for which the makers of such security should be responsible, and such new Rule X. requires the clerk of court to ascertain what that amount should be from a careful examination of the proceedings themselves. The par-

ties to the record might also seek to have this amount increased by an application to the Circuit Court. These changes were just to the signers of such security for costs by fixing in dollars their exact liability for costs, and also these changes were just to the parties litigant, by enabling them, upon an application to the Court, to have security increased, if fixed too low by the clerk. An inspection of the undertaking, called security for costs, in the case at bar, shows that the foregoing requirements were omitted therefrom. It was a palpable violation of the new Rule X. Judge Dantzler was right in denying the motion.

It cannot be said in legal strictness that the affidavits of the two signers of the undertaking that each was worth the sum of $100, over and above his homestead, could cure this defect. No sum was mentioned by them in their undertaking. No suit on said undertaking could include the amount set out in their affidavit, because they did not so stipulate. There was not, therefore, a substantial compliance with the rule. Our books of reports are so full of cases relating to this matter of security for costs, that it is not deemed necessary to quote them. Both grounds of appeal must be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be and it is affirmed.

MR. JUSTICE GARY *dissenting.* I dissent, as there was a substantial compliance with Rule X., when we take into consideration the statement in the justification by the securities that "each is worth the sum of $100 *on the above bond,*" and the affidavit of F. E. Dreher, Esq., which will be reported.