12996

WILSON v. MUEHLBERGER *ET AL.*

(155 S. E., 230)

April, 1930.

*Messrs. Epps & Levy,* for appellant,

*Mr. L. D. Jennings,* for respondent.

October 9, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Judge Grimball, dated April 25, 1930, refusing to declare the action dismissed and extending the time within which the plaintiff might perfect security for costs by having same witnessed by the Clerk of Court in conformity with Section 2141, Vol. 3, Code of Laws.

It appears that after the commencement of the action the defendant upon notice made a motion before his Honor,

Judge Wilson, for an order requiring the plaintiff, a non-resident, to give security for costs.

On January 6, 1930, his Honor, Judge Wilson, signed an order requiring the plaintiff on or before the first day of the ensuing term of the Court of Common Pleas for Sumter County to give to the defendants, in the form prescribed by law, security for costs in the sum of $100, and further that, unless such security be given by said date, the case shall stand dismissed without further order.

The next term of Court opened at Sumter upon March 24, 1930, and prior thereto, on March 15th, the plaintiff filed with the Clerk of Court an undertaking, as security for costs, signed by Miss Mamie E. Gunter and witnessed by Annie D. Benson. The undertaking was approved and filed by the Clerk on the day of its execution.

Thereafter counsel for the defendants gave notice of a motion before his Honor, Judge Grimball, on April 10th for an order dismissing the case for failure to comply with the order of his Honor, Judge Wilson, in that the undertaking filed by the plaintiff was not witnessed by the Clerk of the Court. The motion was heard by his Honor, Judge Grimball, who signed an order, dated April 25, refusing the motion, and from his order the defendants have appealed.

The sole point in the case is whether an undertaking as security for costs must not only be approved by the Clerk of Court, but witnessed by him. Section 2141, Vol. 3, Code of Laws, reads ·as follows: "Whenever security for costs may be ordered to be given　*　*　*　the Clerk shall witness the signature of the surety, and shall, in the first instance, judge of the sufficiency of the security; the form of the undertaking to be according to law, or the rule of the Court on that subject if there be no law."

Rule X of the Circuit Courts provides the form ·of the undertaking, which indicates that it must be attested by a witness and also approved by the Clerk of the Court. It would seem that, if the matter was to be controlled solely by the

rule of Court, the attestation by witness other than the Clerk of Court and his approval would be a sufficient compliance with the rule; the statute, however, specifically provides that the undertaking shall be both witnessed and approved by the Clerk of the Court, which has not been done in the present instance.

The decisions of this Court evidence very great strictness in the matter. *Furnan v. Harman,* 2 McCord, 442; *Boyd v. Graham,* 2 Hill, 558; *Willis v. Potter,* 9 Rich., 411; *Cummings v. Wingo,* 31 S. C., 427, 10 S. E., 107; *McCarley v. Turner,* 33 S. C., 161, 11 S. E., 645; *Garrett v. Niel,* 49 S. C., 560, 27 S. E., 512.

The security not complying with the statute, the order of his Honor, Judge Wilson, should have been given its legitimate effect.

The judgment of this Court is that the order of his Honor, Judge Grimball, be reversed, and the complaint dismissed.

Messrs. Justices Blease, Stabler and Carter concur.

Mr. Chief Justice Watts did not participate.