12942

LAMBORN *ET AL.* v. MERCHANTS GROCERY CO.

(154 S. E., 94)

*Messrs. Hitch, Denmark & Lovett* and *Lyles, Daniels & Drummond,* for appellants,

*Mr. W. S. Hall,* for respondent, 

July 7, 1930.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON.

The appellants, non-residents of South Carolina, brought an action against the respondent as vendee for damages for alleged breach of a written contract to purchase a quantity of sugar.

The action was commenced by the service of a verified summons and complaint on March 18, 1922. The defendant answered on March 25, 1922. The allegations in the pleadings are not necessary to a determination of this matter. On March 29, 1922, the defendant gave notice that on the first day of the next term it would apply for an order to require the plaintiffs, on account of non-residence, to give security for costs.

On July 7, 1922, Judge Sease made an order requiring the bond for costs, and the plaintiffs' attorneys were advised by letter of the amount of the security required and the date within which the same was required to be filed.

On July 13, 1922, the plaintiffs filed with the Clerk of Court a surety bond executed by themselves and a surety company purporting to be in compliance with the order of the Circuit Judge.

On August 13, 1928, the defendant gave notice that it would move on November 5, 1928, before the Judge of the Court of Common Pleas at Gaffney for an order dismissing the complaint on the ground that the plaintiffs failed to comply with the order of the Court, with the statute, and with the rule of Court regarding the giving of security by

non-residents, in that the instrument purporting to be security for the costs filed with the Clerk was neither witnessed nor approved by the Clerk, and that under the law and the order of Judge Sease requiring the deposit of security in the sum of $100, the defendant was entitled to a non-suit.

On November 19, 1928, the plaintiffs docketed the case on Calender 1 for trial.

The motion noticed on August 13, 1928, was heard before Hon. M. M. Mann, presiding Judge, on the 11th of March, 1929, and on the same day Judge Mann filed his order holding that the bond did not comply with the Statute and the Rule, in that the same was not witnessed by the Clerk of Court, was not approved by the Clerk of Court, and was not in the form prescribed by the Rule of Court.

Section 2141, Code of Law, 1922, Vol. 3, reads as follows: "Whenever security for costs may be ordered to be given, or may be tendered, by any plaintiff, in vacation or in term time, the Clerk shall witness the signature of the surety, and shall, in the first instance, judge of the sufficiency of the security; the form of the undertaking to be according to law, or the rule of the Court on that subject if there be no law."

Rule 10 of the Circuit Courts is as follows:

"Whenever security for costs shall be required the *following form and no other* shall be regarded as a compliance with the order:

"State of South Carolina,. . . . . . . . . . . .County.

"W. B. v. C. D.

. "Complaint for

"I (or we as the case may be), acknowledge myself (or ourselves)., liable for the costs of this in the sum of. . . . . . Dollars, and consent that if the plaintiff fail to recover the defendant may have execution for his costs against me (or us, as the case may be), for not exceeding said sum.

"Given under ............hand this..........day of ..........., A. D., 19..

"Witness:

"Approved: E. F.

".............

"C. C. P. & G. S."

Under the cases cited by his Honor, the Circuit Judge, his ruling is correct. *Cummings v. Wingo* is at 31 S. C., 427, instead of 527, 10 S. E., 107.

The exceptions of the appellant are therefore overruled, and the judgment of the lower Court is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.

MR. CHIEF JUSTICE WATTS did not participate.