THOMAS G. GOLDSBERRY, Plaintiff, v. FRANK CLENDANIEL, INC., a corporation of the State of Delaware, and CHARLES LEON DUKER, Defendants.

(*December* 29, 1953.)

HERRMANN, J., sitting.

*Samuel R. Russell* (of Tunnell and Tunnell) for Plaintiff.

*Everett F. Warrington* for defendants.

*Stewart Lynch, amicus curiae.*

HERRMANN, J.:

The question for decision is whether the defendants have waived their right to apply for security for costs by filing an answer to the complaint.

Civil Rule 3(f), *Del. C. Ann.* provides:

"Security for Costs. In every case in which the plaintiff is not at the time of filing his complaint a resident of the State, or being so, afterwards moves from the State, an order for security for costs may be entered upon motion after five days' notice to the plaintiff; in default of such security as provided in the order, the court, on motion, may dismiss the complaint."

The Rule was preceded by a Statute[1] which provided:

---

[1]See *Code* 1935, § 4653; *Code* 1915, § 4174; *Code* 1852, p. 378.

"Security for Costs; Rule for When; How Entered or Effected; Increase of Security:—In all actions at law wherein the plaintiff is a non-resident, in *qui tam* actions, in actions upon administration or official bonds, and also in actions wherein the plaintiff, after suit brought, has been discharged under any bankrupt or insolvent law, the defendant, upon motion, and affidavit filed, that he has a legal and just defense to the whole of the plaintiff's demand therein, and stating the nature and character of such defense, the sufficiency whereof shall be determined by the Court, may have a rule for security for cost by a certain day, or that nonsuit be entered. Such security, where ordered, may be by bond, recognizance or deposit of money with the Prothonotary, to be approved by the Court when in session, or by the Prothonotary or any Judge in vacation. And the said Court, Prothonotary or Judge may at any time thereafter, for cause shown, change or increase such security."

It will be observed that the Rule, like the earlier Statute, contains no provision as to the time when the defendant may or must move for security for costs. In the instant case, the plaintiff contends that the motion comes too late because the defendants have filed their answer to the complaint and, by so doing, they have waived their right to seek security.

The weight of authority in other jurisdictions supports the plaintiff's contention. The majority rule seems to be that the right to demand security for costs is waived if the defendant does not make application therefor before filing a defensive pleading. See *Boss v. Hagan,* 49 *App. D. C.* 106, 261 *F.* 254, 8 *A. L. R.* 1510, *et seq.;* 14 *Am. Jur.* "Costs" § 43.

It appears, however, that the view prevailing elsewhere is contrary to the practice which has been followed in this State for many years. It is clear that under the practice in this State, as established under the Statute, a motion for security for costs could be made at any time before trial. See 1 *Woolley on Delaware Practice,* Sec. 302, 309; *Baker v. Green,* 7 *Boyce* 113, 103 *A.* 751. Judge Woolley's dogmatic statement on the subject

would indicate that, under the Statute, the practice was so well recognized as to admit of no doubt.

The question, then, is whether Civil Rule 3(f) made any change in the practice which prevailed prior to the adoption of the Rule. I find nothing in the Rule to indicate that a change as to the time for making the application was intended. The Rule, like the Statute before it, is silent as to the time for making the application and I think it proper to infer from that silence that the authors of the Rule meant to continue the time-honored practice of permitting a motion for security for costs to be made at any time before trial.

If the practice prevailing elsewhere is preferable, an amendment to Civil Rule 3(f) will be necessary to make the change.

Since tardiness is the only objection being made, the motion will be granted.