*Denny* and *Darby* for Lindley; *Mayes* for Sharp &c.

---

PLEAS IN
THIS COURT.

Case 46.

## Hopkins vs. Chambers &c.

Error to the Oldham Circuit; HENRY DAVIDGE, Judge.

*Abatement. Writs of error. Non-residents. Bonds for costs. Pleading in this court.*

May 3.

Judge OWSLEY delivered the Opinion of the Court.

Case stated.

Upon calling this cause for trial at the present term the defendants appeared, and presented their plea in abatement, in which they allege that the plaintiff, at the time of suing out the writ of error, was, and still is a non-resident, and that no bond for the payment of cost has been executed by him, as is required by the act of assembly in such cases provided, and offered to file the same. To the filing of the plea, the plaintiff objected, because if admissable at any time, it should have been offered at the first court to which the cause stood on the docket for trial, and because several terms have elapsed since the process which issued against the defendants, was served upon them. Without waiting for a decision on the objection made to the filing of the plea it was agreed by the parties to submit the plea as on demurrer to the court, reserving however to the plaintiff the full benefit of his objection to the time of filing it, and also reserving to the plaintiff the rights of now executing bond for cost if in the opinion of the court it should be deemed competent for him to do so after plea by the defendants.

After the matter was pleaded by the defendant, we

should not have considered ourselves authorised by the offer of the plaintiff to execute bond for cost, to overrule the defence of the defendants if the plea had been tendered in due time.

The act of assembly which in explicit terms applies to all courts in this commonwealth, declares expressly that no suit shall be commenced in any court by a nonresident until he shall file in the clerk's office of such court, bond with sufficient security, who shall be a resident of this state, conditioned for the payment of all costs that may accrue in consequence thereof, either to the opposite party, or any of the officers of such court.

The act has not, it is true, pointed out the mode in which the failure to give the bond by one who at the commencement of the suit is a nonresident shall be taken advantage of by the adverse party, but it is undoubtedly matter in abatement of the suit only, and upon general principles is pleadable as such, and when pleaded cannot be avoided by matter *ex post facto.*

We know that the practice of the country has tolerated a different mode of taking advantage of the failure to give bond and security. The practice has been to allow the objection to be made by motion to the court, and we would not be understood as intending to disturb the practice long since approved and now firmly settled. The objection when taken by way of motion to the court, has also, by the practice of the country, been suffered to be obviated by the plaintiff afterwards giving bond and security, and in doing so the court may not be considered as abusing that reasonable and sound discretion which must at all times be exercised when deciding on such motions.

But without intending to disturb the practice which has obtained in that respect, we have no hesitation in saying that where there is a failure by the plaintiff who is a nonresident to give the bond required by the act the defendant is at liberty and has the undoubted legal right to plead the matter in abatement of the writ, provided he does so, in apt and due time, and after the matter is pleaded, there

When a plea in abatement for the omission of the non-resident plaintiff to file a bond with surety for the costs, is filed, the tender of the bond afterwards will not avail.

The act requiring such bonds for costs, applies to this court.

Omission to file a bond for costs, pleadable in abatement.

Where the defendant makes his motion to dismiss the suit of the non-resident plaintiff for the omission to give bond for costs, the bond may be given afterwards—

Otherwise where the matter is pleaded in abatement.

HOPKINS
vs.
CHAMBERS.

is left with the court, no discretion to permit the plaintiff to obviate the plea by the giving of bond, but it becomes the imperative duty of the court, to pronounce the sentence of the law by abating the suit.

Pleas for the lack of bonds for costs must be filed in this court at the first term to which the process is returned fully executed.

But we are not of opinion that the plea was tendered by the defendant in due time. The writ of error was issued in May 1824, and was returnable to the October term of this court thereafter. Process issued against the defendants in July of the same year, was made returnable also to the October term, and was actually served upon all of the defendants before the return day. The cause must therefore have stood for trial on the docket of this court at the October term 1824, and after the expiration of that term we apprehend no previous matter in abatement of the writ of error could be regularly pleaded We would not be understood to say that there is any statutary provision expressly applicable to this court, which forbids defendant in error pleading matter in abatement after the first term, at which the cause stands for trial; but there is a provision in the act of the Legislature of this country concerning civil procedings in courts of original jurisdiction, which limits the time of filing pleas in abatement to the day at which the cause is docketed for trial at the first term, and by analogy to the rule of law in those courts it would seem that there should not only be some limitation as to the time of pleading such matter in this court, but that the limit should not extend beyond the first term after process is served upon all the defendants in error. The plea of the defendant cannot therefore be allowed.

*Denny* for plaintiff; *Monroe* for defendant.