## LOTT FENELEY *versus* CORNELIUS MAHONEY.

Under Revised Stat. *c.* 90, § 10, the Court of Common Pleas have authority, in all cases, to order the plaintiff in an action pending before them, to procure a sufficient indorser of his writ, and, upon his non-compliance, to dismiss the action.

THIS was an action on the case, commenced in November, 1837. In the Court of Common Pleas, the defendant moved that the plaintiff be required to furnish a sufficient indorser of the writ, on the ground that he was poor and irresponsible in point of property. The plaintiff contended that the court had no authority to order him to furnish an indorser, upon that ground, but *Cummins* J. overruled the objection. The defendant then introduced evidence to prove the plaintiff's poverty. The plaintiff contended that the evidence was not sufficient nor competent to sustain the defendant's motion, but the judge ruled that it was, and ordered the plaintiff to furnish a sufficient indorser by the second day of the then next June term of the same court. At that term, *Strong* J. presiding, the plaintiff having failed to comply with the order, the defendant moved that the action be, for that reason, dismissed. The plaintiff contended that the court had no authority by law to dismiss the action upon that ground ; but the judge overruled the objection, and dismissed the action, with costs for the defendant.

To these rulings and orders the plaintiff filed exceptions.

The Revised Statutes, *c.* 90, § 10, enacts, that all original writs, in which the plaintiff is not an inhabitant of the State, shall be indorsed by some sufficient person who is an inhabitant,

and that if any plaintiff, after the commencement of his suit, shall remove from the State, he shall, on the motion of any other party to the suit, be required to procure such an indorser; " and no indorser shall be required in any case, when any one, of two or more joint plaintiffs, is an inhabitant of the State, provided that the court may, in all cases, when it shall appear to them reasonable, require the plaintiff to procure a sufficient indorser."

Feneley
v.
Mahoney.

The case was argued in writing, by *B. Russell*, in support of the exceptions, and *G. F. Farley*, for the defendant.

SHAW C. J. delivered the opinion of the Court. The question in this case is, whether the Court of Common Pleas had authority, under the statutes, to require the plaintiff to furnish an indorser to the writ, and on failure of doing so, to dismiss the action. This depends on Revised Stat. *c*. 90, § 10. After stating certain cases, in which the plaintiff shall furnish an indorser, and others in which this shall not be required, the statute has this proviso : " Provided, that the court may, in all cases, when it shall appear to them reasonable, require the plaintiff to procure a sufficient indorser."

*Feb. 2d,
1839,
at Boston*

Attempts have been made to show, that this proviso was intended to apply to and qualify the last preceding clause of the section only ; but we think it clear that it was intended to apply to the whole section. In looking into the report of the commissioners, it appears that this proviso was not included in their draft of this section. It was subsequently reported by way of amendment, by the committee, and ultimately adopted by the legislature as part of the section : and we think, it was manifestly intended to qualify and control the whole enactment, and extend the discretionary power to all cases.

The obvious intent of the legislature was, to indicate as a general rule, that a plaintiff within the State should have liberty to sue without giving security for costs ; but if not within the reach of the process of the court, or if he should depart from it, such security should be required. But then it probably occurred to the legislature, that extraordinary cases of oppressive and vexatious conduct on the part of bankrupt plaintiffs might arise, and they intended to vest the courts with full power to judge of such cases, and require an indorser according to the circumstances, when it should appear to them reasonable.

Feneley
*v.*
Mahoney.

The view which this Court has taken of this provision is this ; that it is the obvious general policy of the legislature to permit a plaintiff, though poor, and apparently insolvent, to sue for his rights, so long as he is an inhabitant of the Commonwealth and within its jurisdiction, and that it is not fit and expedient to require security for costs, which might in many cases deprive a party of his rights, merely on the ground of insolvency or poverty of the plaintiff, and where there is not superadded some appearance of oppressive and vexatious conduct, by prosecuting groundless suits, or renewing them, one or more times, after having been unsuccessful ; or where there is some apparent misconduct of the like kind. The court therefore will not in general require an inhabitant plaintiff to furnish an indorser, on the ground of apparent or real poverty or insolvency ; but will exercise that power only to prevent vexation or oppression.

But the Court are of opinion, that it was clearly within the power of the Court of Common Pleas to require an indorser, that this was a power, the exercise of which depended upon their own judgment of what was reasonable, under the circumstances presented to them. Of course the grounds of their decision are not open for consideration in this Court.

*Judgment of the Court of Common Pleas dismissing the plaintiff's action, affirmed, with costs.*