JONATHAN W. PRATT and CLARINDA M. PRATT, his wife, *v.* FIDELIO FENNER and others.

A court of equity, in Rhode Island, requires a complainant in equity, who is irresponsible, upon motion of the respondent, to give to the respondent security for the costs which he may recover in the suit, in analogy to the requirement of Ch. 179, sections 2 and 3 at law.

THIS was a motion, made by the respondents to a bill in equity, filed to compel the cancellation and discharge of a mortgage as satisfied and paid, that the complainants give to them security for costs of the bill, in the event they should recover the same against them. The motion was accompanied by affidavits, proving the inability of the complainants to respond to costs, the purport and effect of which, together with the grounds upon which the motion was opposed, are sufficiently stated in the opinion of the court.

*James Tillinghast*, for the motion.

*T. Durfee*, against it.

BRAYTON, J. The affidavits and evidence, submitted as to the ability of the plaintiffs in the bill to respond to costs, show that they are entirely irresponsible. The fact that they are so, will, under what we understand to have been the uniform practice of the court, warrant and require us to order, in compliance with the motion of the respondents, the plaintiffs to give security for costs before they are permitted to proceed with their bill, and put the defendants to further costs, &c., in their defence. Unless this practice be erroneous, the respondents' motion must be granted.

The passages cited by the counsel for the complainants, from 1 Daniel's Ch. Practice, showing the practice of the court of chancery in England, though they do reflect some light upon this subject, are not authorities against the correctness of the practice which has obtained in this court. The courts of equity there, as here, follow the analogies of the law. The common law furnishes no such analogy as would warrant a court of

equity in staying the suit until security for costs were given by the plaintiffs, so long as the plaintiffs, or one of the plaintiffs, were resident in England. A court of law could not thus stay an action. Tidd's Practice, 477, 8, 9. Mr. Daniell does not give this as the reason of the chancery rule. 1 Dan. Ch. Pract., 34, 35, nor is such reason given in *Walker* v. *Easterby*, 6 Ves., 612; but Mr. Daniell, at page 39, recognizes such reason as governing a court of equity; and, in referring to a recent article which authorized a court of law to require such security of a plaintiff convicted of felony and about to be transported, says, "it is presumed that a court of equity would follow the rule at law."

Our statute, Ch. 179, sections 2 and 3, authorizes the dismission of a suit at law for failure to give such security in a case like the present, when so ordered.

This court is but following the rule at law, where it requires security to be given to the respondents for their costs, in case they recover costs, and stays the suit in equity until that security be given. It is but giving effect to the equity of the statute, and pursuing the policy indicated by it. The purpose of vesting a court of law with power in this manner to compel security was, to protect a party against being harassed by groundless suits; and if so, there is no reason why he should be thus harassed by such a suit in a court of equity, more than in a court of law.

The practice of the court, in this regard, is founded upon two analogies of the rules of law created by the statute, and follows its equities, and is properly supported by it; and if there had obtained no such practice, the court would feel bound, having so sound a reason, to make a precedent of this case.

Let an order be entered, requiring the complainants to give security to the respondents, for such costs as they may recover against them in this cause, with surety or sureties satisfactory to the clerk of the court, if the parties cannot agree thereon.