## N. D. EASTMAN v. S. S. GODFREY.

SECURITY FOR COSTS, *in Justices Courts; Discretion of Court.* In an action pending in a justice's court, the justice required the plaintiff, who was a resident of the county, to give security for costs. Afterward judgment was rendered in favor of plaintiff, and the defendant appealed to the district court. The district court ordered that the plaintiff give additional security for costs. The plaintiff failed to do so, and the court refused to dismiss the plaintiff's action because thereof. Afterward the plaintiff recovered a judgment against the defendant for debt, in a sum certain, and costs of suit. *Held,* that the court below, in refusing to dismiss the plaintiff's action, did not commit such a material error affecting the substantial rights of the defendant, as requires a reversal of the judgment.

*Error from Saline District Court.*

GODFREY recovered judgment against *Eastman*, at the March Term 1874, and *Eastman* brings the case here for review. The alleged error, and all necessary facts, are stated in the opinion.

*John Foster*, for plaintiff in error.

*J. G. Mohler*, and *T. F. Garver*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff in error (who was defendant below) states his case in this court as follows: "This action was commenced before a justice of the peace, who on the 20th of February 1873, required the defendant in error, plaintiff below, and a resident of the county where said action was commenced, to give security for costs. The action was appealed to the district court. At the October Term 1873 of

the district court, and before judgment, plaintiff in error, defendant below, made a motion to require said defendant in error to give additional security for costs. The court found the security insufficient, and required said defendant in error to give additional security within sixty days. At the next term of the court, defendant in error having failed to give said security for costs, plaintiff in error made a motion to dismiss the action, which was overruled by the court, and excepted to by plaintiff in error. A verdict and judgment was obtained against plaintiff in error, to which he excepted, and now brings the action to the supreme court to reverse said judgment, and dismiss said action." This statement is substantially correct. And does it appear therefrom, affirmatively, that the court below committed an error, which affects materially the substantial rights of the plaintiff in error? It is only substantial error that will authorize the reversal of a judgment: (Code, §§ 140, 304.) And such error must be made to affirmatively appear. Now supposing that § 186 of the justices act, as amended in 1870, (Laws of 1870, p. 187, § 15,) gives authority to justices of the peace to require security for costs from resident plaintiffs, still such authority is unquestionably vested in the discretion of the justice, as will readily appear from a careful perusal of the section. As to nonresident plaintiffs, the justice "shall" require security for costs. "But in all other cases the justice *may*" require such security. Why use the word "shall" for nonresidents, and "may" for others, if it was not intended that the justice should exercise his discretion in the latter case? And if this authority of the justice is carried to the district court, on an appeal, by § 584 of the code, (Gen. Stat. 746,) or by any other statute, then the authority of the district court is also discretionary. And of course, if the court has a discretion as to whether it will require security for costs, it must also have the same discretion as to whether it will enforce the plaintiff to give security by dismissing his action if he does not do so. That is, the court may exercise a discretion as to whether it will require security for costs to be given; and if it requires it,

may then exercise a discretion as to whether it will dismiss the plaintiff's action, if security for costs is not given. And where the court below is vested with a discretionary authority, we can reverse only where the court has abused its discretion. In this case it does not affirmatively appear that the court below did abuse its discretion. At the October Term 1873, the court required additional security for costs to be given. At the March Term 1874, it refused to dismiss the action because security for costs had not been given. At that time the plaintiff had already recovered one judgment in the case, which had been set aside by the appeal. And a trial had also then been had in the district court, in which the court had heard all the evidence, and at which the jury failed to agree. And after hearing this evidence the court may have had the strongest convictions that the plaintiff ought to recover. And if so, the court did not abuse its discretion by refusing to dismiss the plaintiff's action merely because he failed to give additional security for costs. Afterward the plaintiff recovered a judgment against the defendant for $4.60, and costs of suit. Hence, no substantial right of the defendant was affected by the plaintiff failing to give additional security for costs. The defendant has lost nothing. He is to pay the costs, and not the plaintiff. But suppose the court erred either in not setting aside its order requiring the plaintiff to give additional security for costs, or in not dismissing the plaintiff's action, still the defendant has no right to complain. The means by which a court enforces its own orders belong rather to the court, than to the parties. The parties can only claim to use such means for the purpose of enforcing substantial rights in their own favor. And where a party has no substantial right to be enforced, as in this case, such party cannot complain of the court for failing to enforce its own orders, however erroneous the action of the court may be in the premises.

The judgment of the court below is affirmed.

All the Justices concurring.