[No. 770.    December 19, 1898.]

D. E. BEARUP et al., Plaintiffs in Error, v. JOHN E. COFFEY, Defendant in Error.

SYLLABUS BY THE COURT.

SECURITY FOR COSTS.—Where a plaintiff makes the oath required by section 2893 of the Compiled Laws of New Mexico, 1897, after suit instituted and prior to the time within which he is ruled to give security for costs, it is error for the court to abate the cause for failure to give such security, the oath, standing in the stead of the cost bond, being sufficient answer to the rule.

*Error*, from a judgment of abatement, to the Fifth Judicial District Court, Socorro County. Reversed, with directions.

The facts are stated in the opinion of the court.

H. M. DOUGHERTY for plaintiffs in error.

The right of demanding a bond for costs or, in fact, the payment of costs, is purely a matter of statute. Price v. Garland, 28 Pac. Rep. (N. M.) 182; 4 Am. and Eng. Ency. of

Law 324; In re Almus, 3 Dem. (N. Y.) 358; Gordon v. Allison, 9 Ia. 317; 74 Am. Dec. 353; Comp. Laws, sec. 1844.

S. ALEXANDER for defendant in error.

CRUMPACKER, J.—This is an action in ejectment, brought by one Dennis E. Bearup and his wife, Maud Bearup, against John E. Coffey, for the recovery of certain mining grounds described in the declaration.

The plaintiffs in error were duly ruled on the twenty-eighth day of January, 1897, which was during a regular term of the district court of the Fifth judicial district of the territory of New Mexico within and for the county of Socorro, to give a bond for costs in the sum of five hundred dollars in said cause within sixty days from and after the date of said order. Thereafter, on March 6, 1897, there was made and entered in said district court an order extending the time to file bond for costs in this cause to the first day of April, 1897; on March 29, 1897, there was filed in the office of the clerk of said court by plaintiffs in error an affidavit of poverty in conformity with the statute; on May 10, 1897, said court entered judgment abating said cause for failure to give bond for costs; on October 8, 1897, plaintiffs in error filed a motion to set aside the judgment of abatement; on November 10, 1897, the court overruled said motion and on April 30, 1898, the cause was brought into this court by writ of error.

Each of the alleged errors complained of grows out of the court's ruling in sustaining the motion of defendant in error to abate the cause for failure of plaintiffs in error to give security for costs, and the adjudication of abatement of the cause. Where, as in this case, the record shows the making by plaintiffs in error, within the time by which they were ruled to give security for costs, of a sufficient oath that they were too poor to pay costs, the material question is whether or not such an oath is an answer to the rule? It is solvable by the construction of the statutes involved, sections 2892 and 2893 of the Compiled Laws of 1897 (originally enacted as

SECURITY for costs.

sections 47 and 48 of the act of July 12, 1851), which read as follows: .

Sec. 2892. "In all cases the plaintiff, on motion of any person interested in the suit or costs, may be ruled to give security for costs, and in case he shall fail to do so, on or before the first day of next term after such rule, the cause shall abate."

Sec. 2893. "If any person wishing to institute a suit, or having done so, shall make oath that he is too poor to pay costs, he shall have any and all process of the court free of charge."

These laws, sequent sections of one enactment, tested by the accepted principles of construction reflect light upon each other and are readily harmonized; they evince the legislative intent clearly to be that the courts of justice shall be open to every person, rich or poor, who has suffered a legal injury to his lands, goods, person or reputation. Indeed, any other construction would render nugatory a beneficient law. Given, then the oath required by section 2893, the statute is mandatory, and by virtue thereof, plaintiffs in error were secure in their right to sue in forma pauperis as well after as before the institution of their suit; and such an oath, standing in the stead of a cost bond, was a sufficient answer in this case to the rule for security for costs. 73 Tex. 568; Am. St. Rep. 796.

The assignment of errors we find well predicated, and the cause is reversed with directions to the court below to set aside its judgment of abatement, and to proceed in accordance with the views here expressed.

Mills, C. J,. and Parker, J., concur; Leland, J., did not participate in this decision; McFie, J., having been counsel in this case did not sit.