KENNETH MORROW, Plaintiff-Appellee, *v.* WILLIAM HOSKINS *et al.,* Defendants-Appellants.

(No. 11781; )

Fourth District—June 13, 1973.

William Hoskins, *pro se.*

Charles Clayton, of Bloom & Clayton, of St. Louis, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

On January 20, 1970, the plaintiff filed a small claim action against the defendants in the amount of $981.91. The defendants later filed a counter-claim in the amount of $2080. The defendants appeal from a default judgment entered against them on July 8, 1971, after evidence was heard upon the plaintiff's claim.

██ Defendants initially contend that the trial court had no jurisdiction due to the nonresident plaintiff's failure to file security for the defendants' counter-claim with the clerk of the court. However, there is no requirement that a nonresident plaintiff post security to cover a counter-

claim. Ill. Rev. Stat. 1971, ch. 33, par. 1, requires nonresident plaintiffs to file security for costs, not counter-claims, before instituting suit. Moreover, failure of a nonresident plaintiff to post security for costs does not affect a court's jurisdiction. *Federal Insurance Co. v. Ainsworth* (1961), 31 Ill.App.2d 19, 175 N.E.2d 804.

■■ Defendants also contend here that they are entitled to a new trial because their failure to appear on the date that the default judgment was entered against them was due to illness. The record shows that on June 30th, the trial judge advised by personal letter of the trial setting on July 8th. Without more, defendants failed to appear. The claim of illness is first made in the notice of appeal. Defendants filed neither a motion under Ill. Rev. Stat. 1971, ch. 110, par. 50(5), providing for vacation of default judgments within 30 days after entry thereof, nor a petition under Ill. Rev. Stat. 1971, ch. 110, par. 72, providing for relief from final judgments after 30 days from their entry.

The judgment of the trial court is affirmed.

Affirmed.

CRAVEN, P. J., and SMITH, J., concur.