**JOSEPH GERACE and VICTORIA VOOYS d/b/a CANE BAY BEACH BAR, Plaintiffs**

**v.**

**MARIA BENTLEY, CB3, INC., WARREN MOSLER, CHRIS HANLEY and CHRISMOS CANE BAY, LLC., Defendants**

Case No. SX-05-CV-368

Superior Court of the Virgin Islands

Division of St. Croix

May 14, 2015

LEE ROHN, ESQ., Christiansted, St. Croix, USVI, *Attorney for Plaintiffs*.

JOEL HOLT, ESQ., Quinn House, Christiansted, St. Croix, USVI, *Attorney for Defendants Warren Mosler, Chris Hanley and Chrismos Cane Bay, LLC*.

MARIA BENTLEY and CB3, INC., Amherst, NY, *Pro se*.

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(May 14, 2015)

**THIS MATTER** is before the Court on Defendants' Warren Mosler, Chris Hanley, and Chrismos Cane Bay, LLC (hereinafter "Defendants"), Motion to Dismiss for Failure to Post Bond filed on May 22, 2013. Plaintiffs Joseph Gerace and Victoria Vooys (hereinafter "Plaintiffs") responded on June 4, 2013. For the following reasons, the Court will grant the Defendants' motion.

## BACKGROUND

On June 8, 2005, Plaintiffs Joseph Gerace (hereinafter "Gerace") and Victoria Vooys (hereinafter "Vooys") filed a Complaint alleging breach of contract, misrepresentation, fraud, defamation and reckless infliction of emotional distress with regards to a transaction involving the lease, operation, equipment and trade name of Cane Bay Beach Bar (hereinafter "Cane Bay"). Plaintiffs purchased the business from Defendant Maria Bentley (hereinafter "Bentley") and CB3, Inc. (hereinafter "CB3") on July 1, 2003. The business was located on property purchased by

Chrismos Cane Bay, LLC (hereinafter "Chrismos"). Chrismos is a Virgin Islands Limited Liability Corporation of which Defendants Warren Mosler (hereinafter "Mosler") and Chris Hanley (hereinafter "Hanley") are members.

In the Fall of 2012, Plaintiffs sold their business and moved off island. On January 31, 2013, Defendants filed a motion to demand $6,000 in security costs pursuant to Title 5, Section 547 of the Virgin Islands Code (hereinafter "5 V.I.C. § 547"). In response, Plaintiffs filed a motion on March 1, 2013 asking for the security costs to be waived or reduced along with affidavits stating Plaintiffs' inability to pay security costs. The Court notes that the motion and affidavits were not accompanied by any supporting documents (full financial disclosure), showing in detail, the Plaintiffs' inability to give security.

On April 18, 2013, the Court Ordered Plaintiffs to post $2,100.00 in a reduced security bond for this matter within thirty (30) days. On May 22, 2013, Defendants Mosler, Hanley and Chrismos filed a motion to dismiss for failure to post bond. *Pro se* Defendants Bentley and CB3 did not join Mosler, Hanley, and Chrismos' motion to dismiss. Plaintiffs opposed the motion to dismiss in the form of a constitutional attack on 5 V.I.C. § 547 on June 4, 2013. Pursuant to Federal Rule of Civil Procedure 5.1,[1] on August 7, 2013, the Government of the Virgin Islands responded to Plaintiffs' constitutional challenges finding that the statute did not violate the U.S. Constitution or any other law. To date, Plaintiffs have not complied with this Court's April 18, 2013 Order to post bond.

## DISCUSSION

Title 5, section 547 of the Virgin Islands Code requires nonresident plaintiffs to deposit security for costs in the event the resident defendant prevails and is awarded costs.[2] Resident plaintiffs are not required to make such deposits.[3] The statute's requirements are similar to procedures

---

[1] The Federal Rules of Civil Procedure are made applicable to the Superior Court through Superior Court Rule 7.

[2] *Ingvoldstad v. Estate of Young*, 18 V.I. 346, 348 (D.V.I. 1981).

[3] *Id.*

implemented in Guam,[4] Puerto Rico, and the majority of states. The purpose of this section is to prevent prevailing resident defendants from having to leave the Virgin Islands to enforce an award for costs against a nonresident plaintiff.[5]

Title 5, section 547 of the Virgin Islands Code is procedural, not substantive.[6] As a result, this law does not affect the rights of the parties.[7] It involves a procedure to be followed by a non-resident plaintiff, if that plaintiff files a lawsuit in this jurisdiction.[8] Here, Plaintiffs refuse to post bond and instead, attack the constitutionality of the statute.

Pursuant to Title 5, Section 547 (d) of the Virgin Islands Code, the court may dismiss the action if security is not given within 30 days after the service of a notice requiring security or an order requiring new or additional security. In the case at bar, it has been almost two years since this Court ordered Plaintiffs to post bond. There is no consistency in past decisions that show whether courts favor dismissal for failure to pay

---

[4] **7 Guam Code Annotated (G.C.A.) § 26616. Nonresident Plaintiff May be Required to Give Security for Costs.**

> When the plaintiff in an action or special proceeding resides out of the Territory of Guam, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant. When required, all proceedings in the action or special proceeding must be stayed until an undertaking, executed by two or more persons, is filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action or special proceeding, not exceeding the sum of Three Hundred Dollars ($300.00). A new or additional undertaking may be ordered by the court or judge, upon proof that the original undertaking is insufficient security, and proceedings in the action or special proceeding stayed until such new or additional undertaking is executed and filed.

**7 Guam Code Annotated (G.C.A.) § 26617. Action may be Dismissed if Security is Not Given.**

> After the lapse of thirty (30) days from the service of notice that security is required, or of an order for new or additional security, upon proof thereof, and that no undertaking as required has been filed, the court or judge may order the action or special proceeding to be dismissed.

[5] *Ingvoldstad*, 18 V.I. at 348.

[6] *Mossman v. Moran*, 2004 U.S. Dist. LEXIS 14267, *9 (D.V.I. June 1, 2004). *See also Lawrence v. Alberto-Culver USA, Inc.*, 2006 U.S. Dist. LEXIS 43005, *1 (D.V.I. June 20, 2006).

[7] *Collum v. Scott Harrington & Caribbean Seafood Indus.*, 37 V.I. 3, 5 (V.I. Terr. Ct. 1997).

[8] *Id.*

security to costs.[9] The statute's language is permissive — empowering courts with wide discretion to dismiss the case procedurally for failure to post bond or hear the case on the merits.

## The Constitutionality of Title 5 of the Virgin Islands Code Section 547

In the present matter, the issue is whether this Court should grant the Defendants' motion to dismiss for failure to post security for costs. As such, the Court will analyze the constitutionality of Title 5, Section 547 of the Virgin Islands Code by looking at (1) the treatment of similar statutes by the Third Circuit; (2) similar legislation in all Federal Circuits; and (3) the constitutionality of similar statutes in other jurisdictions. Finally, the Court will address whether Plaintiffs have made a proper showing of indigence under Title 4, Section 513 of the Virgin Islands Code.

## The Third Circuit

Requiring nonresident plaintiffs to give security for costs is a time-honored practice within the Third Circuit. Security cost bond statutes for nonresident plaintiffs have been required since the inception of the United States Constitution.[10] The practice of requiring of nonresident plaintiffs

---

[9] *See, e.g., Ingvoldstad*, 18 V.I. at 348.

[10] The court in *Kilmer v. Groome*, 1897 WL 3399 (Pa. Com. Pl. 1897) noted that the constitution of the United States went into operation on the first Wednesday of March, 1789. Three years later, in *Shaw v. Wallis*, 1 Yeates, 176, the Supreme Court of [Pennsylvania] entered a rule upon a non-resident plaintiff to give security for costs. *See also Sharp v. Buffington*, 2 W. & S. 454; *Dalton v. Bateson*, 1892 WL 3093 (Pa. Com. Pl. 1892); *Gillen v. City of Wilmington*, 16 Del. 154, 42 A. 430, 430 (Super. Ct. 1895); *J.L. Mott Iron Works v. S. Faith Co.*, 1899 WL 3728 (Pa. Com. Pl. 1899); *Sheehan v. La Belle Co.*, 92 N.J.L. 315, 315, 105 A. 449, 450 (Sup. Ct. 1918); *Ownbey v. Morgan*, 256 U.S. 94, 41 S. Ct. 433, 65 L. Ed. 837 (1921); *Marino v. Shiff Realty Co.*, 11 N.J. Misc. 96, 164 A. 577, 577 (Com. Pl. 1933); *Gabrielle v. Masselli*, 16 N.J. Misc. 94, 197 A. 415, 416 (Sup. Ct. 1938); *Goldsberry v. Frank Clendaniel, Inc.*, 48 Del. 275, 276, 101 A.2d 805, 805 (Super. Ct. 1953); *Kearney v. Baptist*, 10 N.J. Misc. 431, 432, 159 A. 405 (Cir. Ct. 1932) (a nonresident plaintiff would be required to give security for costs, even though one or more of them be resident); *Jones v. Knauss*, 33 N.J. Eq. 188, 188 (Ch. 1880) (However, in New Jersey, a non-resident plaintiff will not be required to give security for costs, if he is joined with a resident plaintiff.); *Speakman v. Int'l Pulverizing Corp.*, 119 N.J. Eq. 591, 182 A. 481, 481 (Ch. 1936); *Howell v. Justice of Peace Court No. 16*, C.A. No. 07A-03-001, 2007 Del. Super. LEXIS 424 (Del. Super. July 10, 2007).

security for costs, is usually regulated by rule of court.[11] The court, in its discretion, may refuse to require the plaintiff to give security for costs.[12] Also, security for costs may be required where the plaintiff has removed from the state during the pendency of the suit.[13]

Statutes requiring security for costs aim to protect residents from frivolous suits commenced by nonresident plaintiffs, and to secure the payment of their taxed costs in the event the plaintiff is unsuccessful.[14] A non-resident plaintiff is not required to give security if by reason of poverty, he is unable to do so.[15] Courts refuse to allow an indigent plaintiff to be denied justice.[16]

In the Third Circuit, statutes requiring non-resident parties to give security for costs, are constitutional.[17] Courts have held that such statutes do not interfere with the privileges and immunities of non-residents, but places them on equal footing with resident plaintiffs regarding the payment of costs.[18]

---

[11] *Trenton Rubber Co. v. Small*, 3 Pa. Super. 8, 11, 39 Week. Notes Cas. 281 (1896).

[12] *Id.*

[13] *Newman v. Landrine*, 14 N.J. Eq. 291, 292 (Ch. 1862) (Court required security for costs where at the commencement of the suit plaintiff resided in the state then subsequently moved to another state.). *See also Sharp v. Buffington*, 1841 Pa. LEXIS 247, 1, 2 Watts & Serg. 454 (Pa. 1841) (A plaintiff who removes to another state, after the institution of the suit, must give security for costs.).

[14] *Lawrence v. Commercial Cas. Ins. Co.*, 22 N.J. Misc. 179, 37 A.2d 683, 683 (Sup. Ct. 1944) (internal quotation marks omitted).

[15] *Willis v. Willis*, 1911 WL 4229 (Pa. Com. Pl. 1911).

[16] *Id.* (It is a less hardship for a successful defendant to lose his costs than for a poor plaintiff to be denied justice.).

[17] *Nease v. Capehart*, 15 W. Va. 299; *Haney v. Marshall*, 9 Md. 194; *Conley v. Woonsocket*, 11 R. I. 147; *see Oatman v. Bond*, 15 Wis. 20; *Hanmer v. Mangles*, 12 M. & W. 313; *Habgood v. Paul*, 8 Ir. C. L. App. xxxiii; *Smith v. Sanford*, 3 Ir. Jur. 253; *see Cole's Case*, 28 Ala. 50; *Smith v. Etches*, 1 Hem. & M. 711; *Adams v. Waters*, 50 Ind. 325; *Haney v. Lundie*, 58 Ala. 100; *Ring v. Nettles*, 3 Ir. Eq. 53).

[18] *Kilmer v. Groome*, 1897 WL 3399 (Pa. Com. Pl. 1897).

## The First Circuit[19]

Puerto Rico, New Hampshire,[20] Rhode Island,[21] and Massachusetts[22] have similar statutes requiring plaintiffs to give security for cost. As previously noted, 5 V.I.C. § 547 is similar to statutes in the majority of states. The statutes in Puerto Rico and New Hampshire apply only to nonresident plaintiffs. However, the statutes in Rhode Island and Massachusetts are distinguished because the court has discretion to require a resident plaintiff to give security.

The Puerto Rico court addressed an Equal Protection challenge to the statute on the basis that the law burdened the right to travel.[23] The Court held that the bond requirement is justified and does not offend the equal protection clause as infringing the fundamental right to travel since it either promotes a compelling state interest or because it is not a penalty on a constitutional right to travel. Moreover, the requirement does not offend the privileges and immunities clause.[24]

Regarding the statute's application, the First Circuit refers to the rule as "a scalpel, to be used with surgical precision as an aid to the even-handed administration of justice, not a bludgeon to be employed as an instrument of oppression."[25] In other words, while recognizing the legitimate interest served by the rule, courts have emphasized that it must be carefully applied to avoid depriving a plaintiff, who may have few

---

[19] Maine does not have a similar statute.

[20] *Dewey v. Stratford*, 40 N.H. 203, 203 (1860) (A non-resident petitioner must give security for costs, if insisted upon by the petitionee.); *see also Gookin v. Upham*, 22 N.H. 38, 38 (1850); *see also Gale v. French*, 16 N.H. 95, 96 (1844) (Revised Statutes, chap. 191, sec. 7, which empowers the court, upon good cause shown, to order reasonable security for costs to be furnished. In the construction of this statute, this court has held, that the mere poverty or insolvency of the plaintiff did not of itself furnish sufficient ground for granting such an order.).

[21] *Rosenfeld v. Swarts*, 22 R.I. 315, 47 A. 690, 691 (1900) (Statutory provisions relating to surety for costs from resident suitors are not mandatory . . . upon a refusal to comply with the order of the court the action or suit shall be dismissed. But the court may extend the time for giving surety . . . .); *see also Pratt v. Fenner*, 8 R.I. 40, 41 (1864).

[22] *Feneley v. Mahoney*, 38 Mass. 212, 213, 21 Pick. 212 (Mass. 1893) (The court has discretion to require an insolvent resident plaintiff, when reasonable, to post security.).

[23] *See Kreitzer v. Puerto Rico Cars, Inc.*, 417 F. Supp. 498, 506 (D.P.R. 1975).

[24] *Id.*

[25] *Santa Molina v. Urban Renewal and Hous. Corp.*, 14 Official Translations of the Supreme Court of Puerto Rico 382, 385, 114 P.R. Dec. 382, 385 (P.R. 1983) (inferring the lawmaker's intention to open the doors of courthouses to poor litigants).

financial resources but a legitimate claim, of the opportunity to have a court decide his claim on the merits.[26]

In Rhode Island, courts have held that security for costs are constitutional and may be obtained from both resident and nonresident plaintiffs.[27] Statutory provisions for surety of costs are not mandatory.[28] The Supreme Court of Rhode Island refused to dismiss a suit where plaintiff's non-compliance with an order to post surety was because of poverty.[29] The Court required plaintiff to submit an affidavit along with supporting documents.[30]

## The Second Circuit

In the Second Circuit,[31] New York, Connecticut, and Vermont all have

---

[26] *See Murphy v. Ginorio*, 989 F.2d 566, 568-69 (1st Cir. 1993) (citing *Aggarwal v. Ponce Sch. of Medicine*, 745 F.2d 723, 728 (1st Cir. 1984)).

[27] *See Conley v. Woonsocket Inst. for Sav.*, 11 R.I. 147, 147 (1875) (Gen. St. C. 195, §§ 26, 27, authorizes a court of common pleas to require security for costs from a resident as well as from a nonresident plaintiff, for his apparent want of property to satisfy the costs; and his suit may be dismissed for failure to give such security on order.).

[28] *Rosenfeld v. Swarts*, 22 R.I. 315, 47 A. 690, 691 (1900).

[29] *See Spalding v. Bainbridge*, 12 R.I. 244, 244-45 (1879) (To dismiss the suit in such a case would practically amount to a denial of justice and would be inconsistent with the Constitution. Constitution of R. I. Art. 1, § 5.).

[30] *Id.* at n.15.

[31] In certain actions New York also has provisions containing narrow exceptions which expressly grant the court discretion whether to require the plaintiff to give security for costs. *See* "Statute regarding security for costs as mandatory or permitting exercise of discretion," 84 A.L.R. 252 (originally published in 1933). Action by an administrator, *Gedney v. Purdy*, 47 N.Y. 676 (1872); *Tolman v. Syracuse*, B. & N.Y. R. Co., 92 N.Y. 353 (1883); *Pursley v. Rodgers*, 44 A.D. 139, 61 N.Y.S. 1015 (1899). *See* "Statute regarding security for costs as mandatory or permitting exercise of discretion," 84 A.L.R. 252 (originally published in 1933); *see also Janssen v. City of New York*, 42 F. Supp. 380, 380 (E.D.N.Y. 1941) (The granting of an order for security for costs is mandatory and not discretionary.); *Smith v. Spencer*, 182 Misc. 767, 769, 45 N.Y.S.2d 242, 245 (Sup. Ct. 1943); *In re Marineau*, 118 Vt. 261, 265, 108 A.2d 402, 405 (1954); *Colony v. Maeck*, 8 Vt. 114 (1836); *In re Hall's Will*, 56 N.Y.S.2d 813, 814 (Sur. 1945) (the court's conclusion was based upon an analysis of former Civil Practice Act Section 1522 (presently N.Y. C.P.L.R. § 8501) which specifically provided "if there are two or more plaintiffs, the defendant cannot require security for costs to be given unless he is entitled to require it of all the plaintiffs."); *Ten Broeck v. Reynolds*, 1856 WL 6212, at 462 (N.Y. Sup. Ct. 1856); *Vollmeke v. Nielson*, 13 Conn. Supp. 9, 11 (Super. Ct. 1944); *Colony* at 115 ("The recognizances spoken of at common law were either for the purpose of giving precedence in payment, to serve as evidence and to operate as liens. In all those cases a precedent debt, duty [etc.] existed on the part of the recognizor. They could not

261

statutes requiring nonresident plaintiffs to give security for costs. New York provisions are mandatory and give the defendant an absolute right to security for costs.

## The Fourth Circuit

In the Fourth Circuit, Maryland, North and South Carolina,[32] Virginia,[33] and West Virginia all have statutes requiring nonresident plaintiffs to give security for costs. In 1856, a Maryland statute[34] requiring nonresident plaintiffs to give security for costs was challenged as unconstitutional within Article 4, Section 2 of the United States Constitution as impairing the privileges and immunities of citizens of other states.[35] However, the court upheld the statute as constitutional.[36]

South Carolina courts struck down a constitutional attack of a statute requiring nonresident plaintiffs to pay security for costs which was challenged on privilege and immunities grounds.[37] The court reasoned that security for costs is required of a party, not because he is a citizen of

---

be taken when the right to enforce them depended on a contingency."); *see also Young v. Shaw*, 1814 WL 716 (Vt. Feb. 1814).

[32] *Garrett v. Niel*, 49 S.C. 560, 27 S.E. 512, 513 (1897) (describes the form of compliance for taking security); *Wilson v. Muehlberger*, 158 S.C. 58, 155 S.E. 230 (1930) (Undertaking as security for costs, required to be given by nonresident plaintiff, must be both witnessed and approved by clerk of court. Civ. Code 1922, § 2141; *see* Code 1942, § 3597; Circuit Court Rule 10); *see also Lamborn v. Merchants Grocery Co.*, 157 S.C. 150, 154 S.E. 94, 95 (1930).

[33] In Virginia, nonresident plaintiffs are required to give security for costs or damages. Upon a defendant's motion or if plaintiff fails to comply with the order, the action may be dismissed. The manifest purpose of statutes requiring a nonresident plaintiff to give security for costs and damages, is to insure to the defendant and to the officials of the court the payment of costs which may be awarded against a nonresident plaintiff against whom the court has no means of enforcing a collection. *Outlaw v. Pearce*, 176 Va. 458, 458, 11 S.E.2d 600, 602 (1940).

[34] Act 1801, c. 74, § 9, providing that a plaintiff who removes from the state after the institution of his suit may be required to furnish security for costs, is not unconstitutional. *Holt v. Tennallytown & R. Ry. Co.*, 81 Md. 219, 31 A. 809, 810 (1895).

[35] *Id.*

[36] *See also Haney v. Marshall*, 9 Md. 194, 199 (1856) (Forty years later, the court upheld *Holt*, declaring that requiring nonresident plaintiffs to give security for costs is not unconstitutional.).

[37] *Cummings v. Wingo*, 31 S.C. 427, 10 S.E. 107, 110 (1888).

another state, but only because he is a nonresident of this state. The requirement would apply as well to a citizen of this state, who was a non-resident at the time, as it would to a citizen of another state not residing here.[38]

## The Fifth Circuit

Jurisdictions in the Fifth Circuit, Louisiana, Mississippi, and Texas,[39] vary in the application of state statutes requiring security for costs. For instance, Louisiana may require security for costs from either a resident or nonresident plaintiff.[40] Texas courts may order security from any party.[41] Whereas the Mississippi statute requiring security for costs applies specifically to nonresident plaintiffs.[42]

## The Sixth Circuit

The Sixth Circuit,[43] Kentucky, Michigan, Ohio, and Tennessee,

---

[38] *Tedars v. Savannah River Veneer Co.*, 202 S.C. 363, 25 S.E.2d 235, 242 (1943) (internal quotation marks omitted); *Mintz v. Frink*, 217 N.C. 101, 6 S.E.2d 804, 807 (1940); *Miller's Adm'r v. Norfolk & W. R. Co.*, 47 F. 264, 266-67 (C.C.W.D. Va. 1891); *see also Van Gunden v. Virginia Coal & Iron Co.*, 52 F. 838 (4th Cir. 1892); (citing *Stewart v. Sun*, 36 F. 307, 307 (C.C.S.D.N.Y. 1888)) (There are no words of restriction in this statute that preclude a non-resident poor person from its privileges.).

[39] In lieu of a bond for costs, the party required to give the same may deposit with the clerk of court or the justice of the peace such sum as the court or justice from time to time may designate as sufficient to pay the accrued costs. TEX. R. CIV. P. 146.

[40] *Tatum v. Toledo Scale Co.*, 187 So. 835, 837 (La. Ct. App. 1939); *Salmon v. Martin*, 164 So. 345, 347 (La. Ct. App. 1935) (Surety on bond, required by court to indemnify defendant for expert witness fees, providing that surety would be liable if plaintiff did not pay fees held liable where fees were not paid by plaintiff.).

[41] *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982); *Mosher v. Tunnell*, 400 S.W.2d 402 (Tex.Civ.App.—Houston 1966), writ ref'd n.r.e (The trial court had dismissed the case because plaintiff had failed to comply with the court's order to make a bond for cost in the sum of $2,000.); *Dilmore v. Russell*, 519 S.W.2d 278, 279 (Tex. Civ. App. 1975).

[42] *Overstreet v. Davis*, 24 Miss. 393, 394 (Miss. Err. & App. 1852); *Wright v. Stanford*, 100 Miss. 856, 57 So. 289 (1912) ("If the security be not given the suit shall be dismissed and execution issued for the costs that have accrued; but the court may, on cause shown, extend the time for the giving of the security.").

[43] *Hopkins v. Chambers*, 23 Ky. 254, 255 (1828); *see also Ingles v. Hume*, 42 Ky. 33, 33, 3 B. Mon. 33 (1842); *Van Hooser v. Atkinson*, 168 Ky. 1, 181 S.W. 610, 610 (1916); *Portsmouth Foundry & Mach. Works v. Iron Hills F. & M. Co.*, 74 Ky. 47, 48 (1875); *Wheeler v. Meyer*, 96 Mich. 242, 55 N.W. 688, 688 (1893) (Plaintiffs, being nonresidents, were required to give

requires nonresident plaintiffs to give security for costs before the commencement of any action. In Kentucky, the court held that the statute is not unconstitutional, as an unfair discrimination between nonresident defendants, who appeal, and resident defendants.

---

security for costs.); *see also Zapalski v. Benton*, 178 Mich. App. 398, 444 N.W.2d 171 (1989).

### Mich. Ct. R. 2.109

(A) **Motion**. On motion of a party against whom a claim has been asserted in a civil action, if it appears reasonable and proper, the court may order the opposing party to file with the court clerk a bond with surety as required by the court in an amount sufficient to cover all costs and other recoverable expenses that may be awarded by the trial court, or, if the claiming party appeals, by the trial and appellate courts. The court shall determine the amount in its discretion.

(B) **Exceptions**. Subrule (A) does not apply in the following circumstances:
(1) The court may allow a party to proceed without furnishing security for costs if the party's pleading states a legitimate claim and the party shows by affidavit that he or she is financially unable to furnish a security bond. MCR 2.109.

*Hall v. Harmony Hills Recreation, Inc.*, 186 Mich. App. 265, 463 N.W.2d 254, 258 (1990); *Balahoski v. Kent Circuit Judge*, 243 Mich. 70, 219 N.W. 597 (1928), and *Lott v. Hirsch*, 342 Mich. 376, 70 N.W.2d 818 (1955); *see also* Mich. Ct. R. 2.504(B)(1) (the court may involuntarily dismiss a plaintiff's claim only if it has given the party a reasonable opportunity to comply with the order). *See Goodenough v. Burton*, 146 Mich. 50, 109 N.W. 52 (Mich. 1906); *Balahoski*, 219 N.W. at 597 (Whether a party was given a reasonable opportunity to comply with an order to furnish a security bond will, of course, depend on the circumstances of each case, e.g., the amount of bond ordered relative to the party's financial resources and the availability of bond during the period the party has to obey the order.); *Spoor Personal Representative of the Estate of James J. Lewis v. Chuhran*, 2006 Mich. App. LEXIS 1803, *4 (Mich. Ct. App. June 8, 2006); *see also Wells v. Fruehauf Corp.*, 170 Mich. App. 326, 428 N.W.2d 1, 6 (1988) ("The court may allow a party to proceed without furnishing security for costs if the party's pleading states a legitimate claim and the party shows by affidavit that he or she is financially unable to furnish a security bond.").

*Hull v. Burson*, 61 Ohio St. 283, 286, 56 N.E. 18, 19 (1899). *See also Devine v. Detroit Trust Co.*, 52 Ohio App. 446, 452, 3 N.E.2d 1001, 1003 (1935) (a nonresident of the county is required to give security for costs); *see also McKenzie v. Horr*, 15 Ohio St. 478, 481 (1864) (the surety) "shall be bound for the payment of all costs which may be adjudged against the plaintiff in the court in which the action is brought, or in any other to which it may be carried, and for the cost of the plaintiff's witnesses, whether the plaintiff obtain judgment or not."); *Standard Pub. Co. v. Bartlett*, 8 Ohio Dec. Reprint 501 (Ohio Dist. June 1880); *Burson v. Mahoney*, 65 Tenn. 304, 306 (1873); *Woolfolk v. Woolfolk*, 167 Tenn. 362, 69 S.W.2d 1089, 1090 (1934) (citing *Deaton v. Mulvaney*, 69 Tenn. 73, 75 (1878) (A party is not required to give security for his own costs.)); *see also Locke v. McFalls*, 35 Tenn. 674, 676 (1856).

*Bracken v. Dinning*, 140 Ky. 348, 131 S.W. 19, 19-20 (1910); *see also Paducah Hotel Co. v. Dennis Long & Co.*, 92 Ky. 278, 17 S. W. 853 (1891).

## The Seventh Circuit

In the Seventh Circuit,[44] Wisconsin, Illinois and Indiana require nonresident plaintiffs to give security for costs in order to commence an action. Similar to 5 V.I.C. § 547, upon failure to furnish security, the court may dismiss the action.

## The Eighth Circuit

The Arkansas, Iowa, Minnesota, Missouri, Nebraska, North Dakota, and South Dakota, also prescribes a security requirement for nonresident plaintiffs.

## The Ninth Circuit

In the Ninth Circuit,[45] Arizona,[46] California, Hawaii, Idaho, Montana,

---

[44] *Stark v. Small*, 72 Wis. 215, 39 N.W. 359, 360 (1888) ("Every justice of the peace shall, in all civil actions, either before or after the process shall issue, require the plaintiff, if a non-resident of the county, to give security for costs, and may in his discretion require a like security of all other plaintiffs; and if the plaintiff refuse or neglect to give such security, when required, the action shall be dismissed."); *Smith v. Lockwood*, 34 Wis. 72, 76 (1874) (in all cases nonresident plaintiffs shall give such security before process shall issue); *Sheldon v. Nick & Sons*, 253 Wis. 162, 33 N.W.2d 260, 262 (1948) (the penalty prescribed for failing to file the required security for costs is the dismissal of the action.); *Kettelle v. Wardell*, 2 Ill. 592, 593 (1839); *Clark v. Quackenboss*, 28 Ill. 112, 112 (1862) (security for costs . . . was limited to the costs of that court); *Plaff v. Pac. Express Co.*, 251 Ill. 243, 95 N.E. 1089, 1091 (1911); *Morrow v. Hoskins*, 12 Ill. App. 3d 315, 297 N.E.2d 754, 755 (1973); *Cox v. Hunt*, 1 Blackf. 146, 146 (Ind. 1821); *Hunt v. Butcher*, 5 Blackf. 341, 341 (Ind. 1840); *Harding v. Griffin*, 7 Blackf. 462, 462 (Ind. 1845); *Freeman v. Hukill*, 4 Blackf. 9 (Ind. 1835) (where security is not given according to the order, to file a bond for costs the case should be dismissed).

[45] *Union Iron Works v. Vekol Min. & Mill. Co.*, 11 Ariz. 47, 89 P. 539 (1907); *Kimball v. Phoenix Newspapers*, 79 Ariz. 322, 289 P.2d 193, 194 (1955); *see also United Bank & Trust Co. v. Jones*, 30 Ariz. 557, 249 P. 747, 748 (1926); *Richfield Oil Corp. v. LaPrade*, 56 Ariz. 100, 105 P.2d 1115, 1117 (1940).

*Poa v. Rice*, 26 Haw. 112 (1921); *Clune v. Sullivan*, 56 Cal. 249 (1880); *Duff v. Eardley*, 32 Idaho 735, 187 P. 1081, 1082 (1920); *Neidhart v. Collins*, 46 Idaho 759, 271 P. 321, 322 (1928); *Brazell v. Cohn*, 32 Mont. 556, 81 P. 339, 341 (1905); *State ex rel. Langan v. Dist. Court of Seventeenth Judicial Dist. in & for Valley Cnty.*, 111 Mont. 178, 107 P.2d 880, 881 (1940); *State v. Second Judicial Dist. Court in & for Washoe Cnty.*, 54 Nev. 328, 15 P.2d 682, 683 (1932); *Borders Elec. Co. v. Quirk*, 97 Nev. 205, 626 P.2d 266, 267 (1981); *Brion v. Union Plaza Corp.*, 104 Nev. 553, 763 P.2d 64, 65 (1988).

*Jordan v. La Vine*, 15 Ore. 329, 15 P. 281, 281 (1887); *Robinson v. Haller*, 8 Wash. 309, 36 P. 134 (1894); *see also Swift v. Stine*, 3 Wash. Terr. 518, 19 P. 63, 64 (Wash. 1888); *Warnock v. Seattle Times Co.*, 48 Wn.2d 450, 294 P.2d 646, 647 (1956).

[46] Beginning January 1, 2015, Arizona Rule of Civil Procedure, rule 67(d) will be stricken and nonresidents will no longer be required to give security for costs.

Nevada, Oregon, Washington and Guam all have nonresident security bond statutes. However, the security requirement is waived if the party properly files for indigent status.[47]

Alaska is the only state to hold that security bond statutes for nonresidents are unconstitutional. Alaska's statute mandates the following:

> **AS § 09.60.060.** Security for costs where plaintiff a nonresident or foreign corporation
> When the plaintiff in an action resides out of the state or is a foreign corporation, security for the costs and attorney fees, which may be awarded against the plaintiff, may be required by the defendant, if timely demand is made within 30 days after the defendant discovers that the plaintiff is a nonresident. When required, all proceedings in the action shall be stayed until an undertaking executed by one or more sufficient sureties is filed with the court to the effect that they will pay the costs and attorney fees which are awarded against the plaintiff, for not less than $200. A new or an additional undertaking may be ordered by the court upon proof that the original undertaking is insufficient in amount or security.

ALASKA STAT. ANN. § 09.60.060. The Alaska statute differs with that of the Virgin Islands in that Alaska has a rule that prescribes a formula for computing attorney's fees for the prevailing party.[48]

## The Tenth Circuit

In the Tenth Circuit, Colorado, Kansas, New Mexico, Oklahoma, Utah and Wyoming, an action brought by a nonresident plaintiff cannot proceed

---

[47] *Alshafie v. Lallande*, 171 Cal. App. 4th 421, 89 Cal. Rptr. 3d 788, 795, 800-01 (Cal. App. 2d Dist. 2009) (One party's economic interest in receiving its costs of litigation should it win cannot be used to deny an indigent his fundamental right of access to the courts.) (citing *Baltayan v. Estate of Getemyan*, 90 Cal. App. 4th 1427, 110 Cal. Rptr. 2d 72, 74 (Cal. App. 2d Dist. 2001)).

[48] *Patrick v. Lynden Transp., Inc.*, 765 P.2d 1375, 1380 (Alaska 1988) (We recognize that statutes requiring security bonds of nonresidents currently exist in a number of states . . . Generally, however, these states do not have a rule comparative to Alaska Civ. R. 82, which allows and prescribes a formula for computing attorney's fees for the prevailing party.).

without the filing of a cost bond once a defendant moves to compel such a filing under the statute unless a proper filing of indigent status is made.[49]

## The Eleventh Circuit

Alabama, Florida, and Georgia require nonresidents to give security for costs before the commencement of the suit.[50] However, Florida is distinguished from all the other states because in the event the plaintiff fails to post the statutory cost bond, plaintiff's counsel must stand in the absent surety's shoes — so that plaintiff's counsel is personally liable for

---

[49] *Hytken v. Wake*, 68 P.3d 508, 510 (Colo. App. 2002); *cf. Neidhart v. Collins*, 46 Idaho 759, 271 P. 321 (1928) (A nonresident plaintiff's neglect or refusal to file such a bond thus is equivalent to failure or neglect to prosecute.). *See, e.g., Ecker v. Town of West Hartford*, 205 Conn. 219, 530 A.2d 1056 (1987) (discussing dismissal for "failure or neglect to prosecute"); *Laffey v. City of New York*, 52 N.Y.2d 796, 417 N.E.2d 1248, 436 N.Y.S.2d 707 (1980). *Walcott v. Dist. Court, Second Judicial Dist.*, 924 P.2d 163, 166 (Colo. 1996) (Statute requiring dismissal of action if nonresident plaintiff "neglects or refuses" to file cost bond did not apply to nonresident plaintiff who was unable to file cost bond because she was indigent.).

*Hardesty v. Ball*, 46 Kan. 555, 26 P. 959, 960 (1891); *Farmer v. Warner*, 64 Kan. 878, 68 P. 1127, 1127 (1902); *see also Simpson v. Rice, Friedman & Markwell Co.*, 43 Kan. 22, 22 P. 1019, 1020 (1890); *Eastman v. Godfrey*, 15 Kan. 341, 343 (1875); *Bearup v. Coffey*, 1898-NMSC-029, 9 N.M. 500, 55 P. 289, 289 (1898) ("If any person wishing to institute a suit, or having done so, shall make oath that he is too poor to pay costs, he shall have any and all process of the court free of charge."); *see also Montoya v. McManus*, 68 N.M. 381, 362 P.2d 771, 773-74 (1961); *Fowler v. Fowler*, 15 Okla. 529, 82 P. 923, 926 (1905); *Capitol Fin. Co. v. McNealy*, 179 Okla. 5, 63 P.2d 940, 942 (1936) ("The provisions of the Civil Code . . . requiring the plaintiff to give security for costs before the summons shall issue in any civil action brought in the district court, are neither jurisdictional nor mandatory as to the time such security may be given, and the court in the exercise of a sound discretion may permit a plaintiff to give such bond after a motion by the defendant to quash the summons."); *Forbes v. Delta Land & Water Co.*, 57 Utah 200, 193 P. 1097 (1920) (internal quotation marks omitted) (The statute says that, if a bond be not furnished when duly requested by defendant, where plaintiff is a nonresident of the state, the action may, on motion be dismissed.); *Castle v. Delta Land & Water Co.*, 58 Utah 137, 197 P. 584, 585 (1921) (citation omitted); *Hansen v. Salt Lake Cnty.*, 794 P.2d 838, 840 (1990) (We cannot construe the statute as meaning that the dismissal must apply to all defendants, including those who are not demanding security and who, by their nonaction, manifest their intent to waive a bond for costs.).

[50] *Jacott v. Hobson*, 11 Ala. 434 (1847); *see also Davis v. Harris*, 211 Ala. 679, 101 So. 458, 460 (1924) (The suit may be dismissed if the nonresident fails to provide security.); *Weeks v. Napier*, 33 Ala. 568, 569 (1859); *Consumers' Roofing Co. v. Littlejohn*, 228 Ala. 59, 152 So. 31, 32 (1933); *Achord v. Osceola Farms Co.*, 52 So. 3d 699, 701 (Fla. Dist. Ct. App. 2010); *Hudgins v. Hudgins*, 182 Ga. 493, 185 S.E. 870 (1936); *Martin v. Armour Packing Co.*, 110 Ga. 569, 35 S.E. 632, 633 (1900) (if the deposit is not made before the filing of the suit, the suit may be dismissed).

267

the costs adjudged in the cause against the plaintiff, but only up to and including the maximum amount of the unremitted cost bond.[51]

## The District of Columbia Circuit

The District of Columbia Circuit also requires nonresident plaintiffs to give security for costs.[52]

██ Based on the analysis above, an overwhelming majority of jurisdictions hold that cost bond statutes are constitutional. In the matter *sub judice*, Title 5, Section 547 of the Virgin Islands Code is a procedural measure which a non-resident plaintiff must follow in order to maintain a lawsuit in this jurisdiction.[53] Here, Plaintiffs have failed to comply with the Order dated April 18, 2013 requiring Plaintiffs to post a security bond within thirty days. Almost two years have passed since Plaintiffs were ordered to post a reduced security bond. The Court has discretion to dismiss the action if plaintiff fails to furnish security costs.

---

[51] Section 57.011 of the Florida Statutes (1987) states:

> When a nonresident plaintiff begins an action or when a plaintiff after beginning an action removes himself or herself or his or her effects from the state, he or she shall file a bond with surety to be approved by the clerk of $100, conditioned to pay all costs which may be adjudged against him or her in said action in the court in which the action is brought. On failure to file such bond within 30 days after such commencement or such removal, the defendant may, after 20 days' notice to plaintiff (during which the plaintiff may file such bond), move to dismiss the action or may hold the attorney bringing or prosecuting the action liable for said costs and if they are adjudged against plaintiff, an execution shall issue against said attorney.

*Lady Cyana Divers, Inc. v. Carvalho*, 561 So. 2d 612, 613 (Fla. Dist. Ct. App. 1990).

[52] *Lovering v. Heard*, 15 F. Cas. 1003, 1 Cranch C.C. 349 (C.C.D.D.C. 1806) (A resident of Alexandria, Va., suing in Washington, D. C., in the federal courts, though both cities were then in the District of Columbia, was required to give security for costs as a nonresident, the cities being in different counties and states.). *See also Roberts v. Reintzell*, 20 F. Cas. 911, 2 Cranch C.C. 235 (C.C.D.D.C. 1821) (If the plaintiff reside out of the District, and the person for whose use the suit is entered upon the docket remove from the District, the court will order the plaintiff to give security for costs.); *Guarantee Sav., Loan & Inv. Co. v. Pendleton*, 14 App. D.C. 384, 385 (D.C. Cir. 1899); *Bond v. Carter Hardware Co.*, 15 App. D.C. 72, 76 (D.C. Cir. 1899); *Costello v. Palmer*, 20 App. D.C. 210, 217 (D.C. Cir. 1902).

[53] *Collum*, 37 V.I. at 5 (Terr. V.I. June 5, 1997) ("The matter of the increased bond does not affect the rights of the parties. Rather, it involves a procedure to be followed by a non-resident plaintiff, if that plaintiff endeavors to maintain a lawsuit in this jurisdiction.").

## Plaintiff's Indigent Status Under Title 4, Section 513 of the Virgin Islands Code

Next, the Court will consider whether plaintiff properly filed for indigent status. Under Title 4, Section 513 of the Virgin Islands Code, any party who wishes to be given indigent status must file a motion for leave to proceed *in forma pauperis* together with an affidavit and other documentation showing in detail the party's inability to pay fees and costs or to furnish security costs. The affidavit shall state the nature of the action, [or] defense . . . and affiant's belief that he is entitled to redress.[54]

■ Here, Plaintiffs do not have indigent status. In the present case, Plaintiffs only filed a Motion to Waive or Reduce the Demand. Plaintiffs submitted affidavits stating that they are without sufficient funds to pay the amount of security costs demanded. However, the affidavits were insufficient because they were attached to the Motion to Waive or Reduce the Demand. Therefore, the Court construed the affidavits as support for the Motion to Waive or Reduce the Demand. Plaintiffs never properly filed a motion for leave to proceed *in forma pauperis* together with affidavits and supporting financial documents demonstrating Plaintiffs' insolvency in accordance with Title 4, Section 513 of the Virgin Islands Code.

## CONCLUSION

■ The Court finds that Plaintiffs have not followed the proper procedure required of all nonresidents in order to maintain suit in this jurisdiction. Plaintiff never furnished security for costs in accordance with Title 5, Section 547 of the Virgin Islands Code. In addition, Plaintiffs' reasons for failing to give security for costs are without merit because the majority of jurisdictions hold that nonresident security cost bond statutes are constitutional. Moreover, Plaintiffs never properly filed for *in forma*

---

[54] 4 V.I.C. § 513. Proceedings in forma pauperis

(a) Any court in the Virgin Islands may authorize the commencement, prosecution, or defense of any action or proceeding, civil or criminal, or appeal therein, without pre-payment of fees and costs, or security therefor, by a citizen of the United States who makes affidavit that he is unable to pay the fees and costs or to give security therefor. The affidavit shall state the nature of the action, defense, or appeal and affiant's belief that he is entitled to redress. An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

*pauperis* status in accordance with Title 4, Section 513 of the Virgin Islands Code. Therefore, the case will be dismissed as to all Defendants. An Order consistent with this Opinion will be entered by the Court.